RICHARD CROKER, JR., Appellant, *v.* THE NEW YORK TRUST COMPANY, as Temporary Administrator, etc., of RICHARD CROKER, Deceased, Respondent.

First Department, June 8, 1923.

Stay of proceedings — action commenced against testator and continued against temporary administrator — action should not be stayed pending determination of will contest in foreign country.

An action commenced against a testator and continued against his temporary administrator to recover moneys advanced for and on behalf of the testator, in which action a counterclaim is interposed for an accounting by the plaintiff for properties and moneys received and paid out by him as agent of the testator, should not be stayed to await the determination of a proceeding to probate the will of the testator in a foreign country, which is being contested by the plaintiff and others, since the issues in the action are in nowise related to the issues in the will contest, and the result of the will contest will not have any bearing upon this action.

APPEAL by the plaintiff, Richard Croker, Jr., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 11th day of May, 1923, granting defendant's motion for a stay of proceedings.

*McCombs & Ryan* [*Frederick R. Ryan* of counsel; *M. H. Lavenstein* with him on the brief], for the appellant.

*Cook, Nathan & Lehman* [*Harold Nathan* of counsel], for the respondent.

McAVOY, J.:

This order granted a stay for six months of this action, or such stay as would suspend proceedings herein until the earlier determination of a suit to declare invalid an instrument purporting to be the last will of Richard Croker, Sr., now pending in the Probate Court of Ireland, or until the ultimate determination of any appeal taken from the result of that suit.

The action here is to recover moneys advanced by the plaintiff for and on behalf of the original defendant in the sum of $105,836.73. A counterclaim, demanding that the plaintiff account for properties and moneys received and paid out by him as agent of the defendant, is asserted by the defendant. During the trial before the referee appointed herein, Richard Croker, Sr., died.

The widow of Richard Croker, Sr., and her attorneys, however, refused to assist in continuing this action. Plaintiff thereupon instituted proceedings in the Surrogate's Court, New York county, for the appointment of a temporary administrator, on June 30, 1922. The sole purpose of this proceeding was to continue this and other actions which were then pending against decedent. The widow opposed the appointment of a temporary administrator, on the ground that further proceedings in all of said actions should be stayed until the determination of the contest over the will of Richard Croker, Sr. On July 8, 1922, after the commencement of proceedings in the Surrogate's Court as above stated, decedent's widow offered for probate in Florida an instrument purporting to be the last will and testament of Richard Croker, Sr., naming her sole beneficiary and sole executrix of decedent's estate. Plaintiff and other children of Richard Croker, Sr., duly objected to the probate of this instrument, and the contest over said instrument was thereafter transferred to Ireland, where it is now pending.

Plaintiff's application for the appointment of a temporary administrator was granted. Upon the suggestion of counsel for the widow, the New York Trust Company was named for this office. The order appointing the New York Trust Company temporary administrator of the goods, chattels and credits of Richard Croker, Sr., expressly authorized it to continue this and other actions by the plaintiff pending against Richard Croker, Sr., at the latter's death. The New York Trust Company was thereafter duly substituted party defendant in this action.

Counsel who acted for the original defendant, Richard Croker, Sr., at the commencement of this action, and also for the widow, continued to represent and now represents the temporary administrator, the present defendant.

The taking of testimony in this action was resumed before the referee on December 4, 1922. Hearings before the referee continued to April 16, 1923, at which time both sides rested. All the issues in the action having been tried, the entire case was closed, except that counsel for defendant was given permission to file an amendment to its answer, which had been allowed by the referee, and counsel for plaintiff was given an oppurtunity, if he so desired, to ascertain certain information concerning the Irish Statute of Limitations. The referee directed the exchange of briefs by counsel on both sides on May 16, 1923, and submission of final briefs on May 30, 1923.

Shortly after the final hearing before the referee, on April 24, 1923, at the request and on behalf of the widow of Richard Croker, Sr., who is not a party to this action, counsel for the temporary administrator made application for a stay of all further proceedings in this action for a period of six months or until the earlier determination of the will contest in Ireland.

The issues in this action are in nowise related to the issues in the will contest. The determination of the will contest will have no effect on the issues in this action.

There is not even a remote connection between the issues in this action and the issues involved in the will contest. No one makes any claim that the issues are related or that the result of the will contest will have any bearing upon the action now ready for decision.

None of the reasons advanced for postponing the decision is sound, nor have they any purpose in preventing retrying of issues, duplication of effort, transfer or substitution of parties, nor other advantage to the moving party. The learned Special Term's reason for granting the stay is that plaintiff will not be seriously prejudiced by delay, as, in the event of his recovery, he will be compelled to proceed against the estate. This is an erroneous view. The surrogate has power to order payment by the temporary administrator of any judgment plaintiff recovers under section 129 of the Surrogate's Court Act, so that delay is an obvious disadvantage to the plaintiff.

In view of the rule that the power to suspend or stay proceedings should be sparingly exercised and only when other remedies are inadequate and the equities invoked apparent and strong, the order made here was improvident and unwarranted, subserves no interest of any party and should be reversed.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.