THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* C. & W. CONSTRUCTION CO., INC., and Another, Respondents.

Third Department, March 5, 1936.

*John J. Bennett, Jr., Attorney-General [Harold Greenstein* and *Hugh Reilly, Assistant Attorneys-General,* and *Henry Epstein, Solicitor General,* of counsel], for the appellant.

*I. J. Beaudrias,* for the respondent C. & W. Construction Co., Inc.

*McCormick & Eckel [Andrew Eckel* of counsel], for the respondent Continental Casualty Company.

*C. Joseph Hyland,* for the lienor County Trust Co., *amicus curiæ.*

*Henry L. Kanter,* for the lienor Temple Construction Co., *amicus curiæ.*

*J. Hibberd Taylor,* for the lienor Campbell Metal Window Corp., *amicus curiæ.*

*Maxwell Berman,* for the lienor DePaoli, Inc., *amicus curiæ.*

*Boochever, McManus & Ostrow,* for the lienor J. J. Fisher Company, *amicus curiæ.*

*Leo Singer,* for the lienor Stephen Oderwald, Inc., *amicus curiæ.*

*Anthony J. Romagna,* for the lienor A. Tozzini Tile Wks., Inc., *amicus curiæ.*

BLISS, J.   In August, 1932, the C. & W. Construction Co., Inc., entered into a contract with the State of New York through the Saratoga Springs Commission, a State agency, for the construction of the superstructure of the Drink Hall at Saratoga Springs Reservation.   At the same time there was issued and delivered to the State a bond executed by the C. & W. Construction Co., Inc., as principal and the Continental Casualty Company as surety, conditioned for the faithful performance of this contract.   For convenience these parties will hereafter be designated as the State, the contractor and the surety.   The contractor entered upon and progressed the work until October, 1934, when a number of disputes arose between it and the State as to whether the work complied with the specifications.   The contractor asked for an estimate which was refused and it then discontinued the work.   The State after a notice to the contractor to progress the work and the contractor's failure to do so, canceled the contract and asked the surety to complete the work.   The surety refused and the State then relet the unfinished portion of the work to another contractor at a cost considerably in excess of the original contract.   In the meantime liens for materials and labor had been filed against the moneys due the contractor.

Out of this situation three actions arose.   A lienor started an action in the Supreme Court in Westchester county against the contractor, the State and other lienors, asking for a foreclosure of its lien.   The State then sued the contractor and surety in the Supreme Court, Saratoga county, for breach of contract and asked judgment for money damages in which the defendants pleaded as a defense a breach of the contract by the State.   After that the contractor filed a claim against the State with the Court of Claims asking damages against the State for breach of contract.

The defendant, surety in the Saratoga county action, moved that the actions in Saratoga and Westchester counties be consolidated or that the place of venue of the Saratoga action be changed to Westchester county for the convenience of witnesses, or that the trial of the Saratoga action be stayed until the hearing and determination of the claim pending in the Court of Claims. All of the parties to the Westchester action were given notice of the motion.   The court below denied the motion in so far as it asked for a consolidation or a change of venue but granted the stay.   Its order directed that the trial of the Saratoga action be stayed until July 1, 1936, or until the hearing and determination of the claim pending in the Court of Claims, with a right reserved to the defendants to apply for an extension of the stay if the claim in the Court of Claims was not determined by July

1, 1936, through no fault of the claimant in prosecuting the same diligently. The State has appealed from this order.

In the lien foreclosure action the surety is not a party and there can be no determination of the State's claims against the contractor or surety. In the Saratoga action there can be no determination of the claim of the contractor against the State, or of the claims of the lienors. In the Court of Claims action there can be no determination of the claim of the State against the contractor and the surety and none of the claims of the lienors against the fund due the contractor. Thus in none of these actions can there be a complete adjudication of all of the rights of the various parties. Also there is no court which has jurisdiction to determine all of the rights and liabilities of all of the parties. But a successful prosecution by the State of the Saratoga action will effectively dispose of the action pending in the Court of Claims because if the State recovers in the Saratoga action obviously there can be no recovery by the contractor in the Court of Claims. If the State is unsuccessful in the Saratoga action, then the contractor must still establish his claim in the Court of Claims. If the contractor is successful in the Court of Claims, then the State may not succeed in its Saratoga action. But if the contractor is there unsuccessful then the State must still establish its claim against the contractor and surety in the Saratoga action. Thus in neither action can there be a complete determination of all the issues. " It is only where the decision in one action will determine all the questions in the other action, and the judgment on one trial will dispose of the controversy in both actions that a case for a stay is presented." (*Rosenberg* v. *Slotchin*, 181 App. Div. 137.)

There are impelling reasons why the State should be allowed to proceed with the trial of the Saratoga action first or at least as soon as it is reached in the regular order. The Saratoga action was instituted first. The Saratoga action can in all probability be reached for trial and disposed of at a much earlier date than the one in the Court of Claims. The trial will be completed much more rapidly in the Supreme Court before a jury. In the Saratoga action the complaint demands judgment for a sum of money only and the plaintiff is, therefore, entitled to a jury trial. It should not be effectively prevented from having such a trial through the means of a stay. Likewise the Supreme Court is a court of general jurisdiction while the Court of Claims is one whose jurisdiction is limited.

The order below should be reversed in so far as it granted the defendants' motion for a stay, with twenty-five dollars costs and

disbursements, and the motion in all respects denied, with ten dollars costs.

HILL, McNAMEE and CRAPSER, JJ., concur; RHODES, J., dissents and votes to affirm.

Order reversed on the law and facts, in so far as it granted the defendants' motion for a stay, with twenty-five dollars costs and disbursements, and the motion is in all respects denied, with ten dollars costs.