PIERRE ASSOCIATES INCORPORATED, Appellant, *v.* CITIZENS CASUALTY COMPANY OF NEW YORK, Respondent.

First Department, October 7, 1969.

*Richard J. Concannon* of counsel (*Robert Ehrenbard* with him on the brief; *Kelley Drye Newhall Maginnes & Warren,* attorneys), for appellant.

*Richard L. Baltimore, Jr.,* of counsel (*Mario Biaggi, Bernard A. Feuerstein* and *Irwin P. Underweiser* with him on the brief; *Biaggi, Ehrlich & Lang,* attorneys), for respondent.

*Per Curiam.* The plaintiff appeals from an order staying all proceedings in this action pending the hearing and determination of a proceeding brought by the Superintendent of Insurance of the State of New York under article 16 of the Insurance Law to take possession of the property of and to rehabilitate the defendant Citizens Casualty Company. We conclude, however, that the stay was improperly granted and that the plaintiff should be entitled to proceed with the prosecution of its action on the basis of the allegations of its complaint.

While a motion for the stay of an action pending the determination of another action is primarily addressed to the discretion of the court, it is clear that a party is generally entitled to an unrestrained right to resort to the courts for prompt enforcement of substantial contractual rights. The stay of the prosecution of this action, pending a hearing and determination of the insolvency proceedings instituted against the defendant by the Superintendent of Insurance, may have the effect of abrogating

the special provisions inserted in the lease between the parties for the protection of the landlord. On the basis of the record, it appears as a matter of law that the stay may interfere with the rights of the landlord to secure a prompt determination of its claim that the lease has been terminated and canceled, but, of course, a determination of such claim on the merits must await the proper prosecution of this action.

It is the general rule that "it is only where the decision in one action will determine all the questions in the other action, and the judgment on one trial will dispose of the controversy in both actions that a case for a stay is presented." (*Rosenberg* v. *Slotchin,* 181 App. Div. 137, 138.) (See, also, *People* v. *C. & W. Constr. Co.,* 246 App. Div. 373.) "The possibility or actuality of two trials is not of importance. (*Corporate Investing Co.* v. *Mt. Vernon Metal Products Co.,* 206 App. Div. 273.) What is required is complete identity of parties, cause of action and judgment sought. (*Corporate Investing Co.* v. *Mt. Vernon Metal Products Co., supra.*)" (*Hanover Estates* v. *Finkelstein,* 194 Misc. 755, 765–766.)

The lease between the parties purports to give the plaintiff the right of cancellation in the event of insolvency or in the event a proceeding based on defendant's insolvency is instituted and not resolved within a stated period. Assuming it be found that the clause relied on does give plaintiff that right, obviously two grounds for relief are open to plaintiff—it can establish either insolvency or the undetermined proceeding based on insolvency, such as a petition in bankruptcy. But the plaintiff presents in its complaint as the limited basis for the relief sought, the allegations that the lease is canceled and terminated on the sole ground that, under the express terms thereof, the landlord had the option to cancel it because of the filing of the insolvency petition by the Superintendent and the failure of the defendant tenant to secure a discharge thereof within the 30-day period after filing; and that pursuant to the terms of the lease, the landlord did serve upon the tenant a notice canceling the lease on this particular ground. There is no reason, apparent at this time, why there should not be a prompt disposal of the limited issues which may arise on the prosecution of this action on the basis of these allegations in the complaint. Furthermore, the granting of a stay at this time is premature in that, until an answer is interposed, it cannot be determined whether or not there will be any issue to try and whether or not there may be identity of issues which may justify a stay of this action.

It must be borne in mind, however, that the issue of insolvency is the same issue as is involved in the proceeding by the Superin-

tendent of Insurance and a stay as regards the trial of that issue would be in order. So, if the plaintiff should rely on insolvency as a basis for his claimed right, practical considerations require that he should await the resolution of that issue in the pending proceeding. The distinction should be understood and Special and Trial Terms be advised that appropriate control of the instant action be maintained.

Finally, it is noted that a determination of the motion here is in no way binding upon the Superintendent of Insurance. He is not a party to this action and if, at any time, his rights may be prejudiced by a prosecution of this action or the granting of relief herein, he has his remedies.

The order, entered April 2, 1969, should be reversed, on the law and the facts, and in the exercise of discretion, without costs and without disbursements, and defendant's motion for a stay denied.

EAGER, J. P., CAPOZZOLI, McGIVERN, NUNEZ and STEUER, JJ., concur.

Order entered on April 2, 1969, unanimously reversed, on the law and the facts, and in the exercise of discretion, without costs and without disbursements, and defendant's motion for a stay denied.