■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR L. RIVERA, Appellant.—Judgment of the Supreme Court, Kings County, rendered December 26, 1972, affirmed (cf. *People v Crimmins,* 36 NY2d 230). Rabin, Acting P. J., Hopkins, Latham, Margett and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH S. RUGGIERO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered October 17, 1974, convicting him of forgery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review, *inter alia,* the denial of defendant's motion to suppress certain physical evidence. Judgment affirmed. The denial of defendant's motion to suppress evidence was proper based upon the uncontested fact that he consented to a search of his vehicle. We have reviewed defendant's other contentions and find them to be without merit. Rabin, Acting P. J., Hopkins, Latham, Margett and Christ, JJ., concur.

■ RAEL AUTOMATIC SPRINKLER CO., INC., Respondent, v SOLOW DEVELOPMENT CORPORATION, Appellant.—In an action on a contract, defendant appeals from (1) a judgment of the Supreme Court, Nassau County, entered January 29, 1975, in favor of plaintiff upon the trial court's granting of its motion (a) for a directed verdict and (b) for dismissal of defendant's counterclaim and (2) an order of the same court, dated February 27, 1975, which denied defendant's motion *inter alia* to set aside the directed verdict. Judgment and order reversed, on the law, and new trial granted, with costs to abide the event. No fact issues were raised on this appeal. The trial court erred when it failed to submit the case to the jury. The primary issue of whether plaintiff performed all of the terms of the contract on its part to be performed, or whether it abandoned its obligations under the contract prior to completion of its work, raises questions of fact requiring a resolution by the jury. Rabin, Acting P. J., Latham, Margett, Christ and Shapiro, JJ., concur.

■ MICHAEL ROVELLO, Respondent, v OROFINO REALTY CO., INC., et al., Appellants.—In an action *inter alia* for specific performance of a contract, defendants appeal from an order of the Supreme Court, Westchester County, entered July 22, 1975, which denied their motion pursuant to CPLR 3211 (subd [a], par 7), to dismiss the complaint for failure to state a cause of action. Order reversed, on the law, without costs, and motion granted. No questions of fact were presented on this appeal. It appears on the face of the complaint that plaintiff never tendered the down payment required by the contract. Moreover, the complaint is deficient in that it fails to allege facts sufficient to excuse plaintiff's failure to tender (see *Harding Park Owners v Young,* 5 Misc 2d 10, affd 2 AD2d 884). Martuscello, Latham and Margett, JJ., concur; Rabin, Acting P. J., and Shapiro, J., dissent and vote to affirm, with the following memorandum: Liberally construed, the complaint is sufficient, particularly in light of CPLR 3015 (subd [a]).