■ RAEL AUTOMATIC SPRINKLER CO., INC., Respondent v SOLOW DEVELOPMENT CORPORATION, Appellant.—In an action by a subcontractor on a contract, defendant appeals from a judgment of the Supreme Court, Nassau County, entered May 6, 1976, which is in favor of plaintiff and against it, upon a directed verdict and upon the trial court's dismissal of its counterclaim. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No fact issues were raised on this appeal. The trial court erred when it failed to submit the case to the jury (see *Rael Automatic Sprinkler Co. v Solow Dev. Corp.*, 51 AD2d 562). The partial directed verdict could not have resulted other than from a determination by the trial court of some of the issues which we previously determined were factual issues to be resolved by the jury. Hopkins, J. P., Rabin, Hawkins and O'Connor, JJ., concur.

■ RAEL AUTOMATIC SPRINKLER CO., INC., Appellant, v SOLOW DEVELOPMENT CORPORATION, Respondent.—In an action to recover moneys retained by the defendant pursuant to a contract between the parties, plaintiff appeals from an order of the Supreme Court, Nassau County, dated September 29, 1976, which stayed the prosecution of this action pending a determination of defendant's appeal from a judgment of the same court, entered May 6, 1976. Order affirmed, with $50 costs and disbursements. A case for a stay is presented where the decision in one action will determine all questions in the other action, and the judgment in one action will dispose of the controversy in both actions *(Pierre Assoc. v Citizens Cas. Co. of N. Y.,* 32 AD2d 495, 497). Thus, if an appeal is taken from a judgment in the first action before the bringing of the second action, the first action would, by reason of the appeal, be deemed to be pending, and would prevent the plaintiff from bringing a second action until the determination of the appeal (see *Porter v Kingsbury,* 77 NY 164). Moreover, in view of the result in the prior action, which is being decided simultaneously with this one (see *Rael Automatic Sprinkler Co. v Solow Dev. Corp.,* 58 AD2d 600), the granting of the stay was a proper exercise of discretion. The factual issues underlying the original complaint encompass those raised in the complaint now before us and all such issues should be heard by the same jury. Hopkins, J. P., Rabin, Hawkins and O'Connor, JJ., concur.