■    MEDICAL MALPRACTICE INSURANCE ASSOCIATION, Appellant, v METHODIST HOSPITAL OF BROOKLYN, Respondent.—Order of the Supreme Court, New York County, entered March 3, 1978, which granted the motion of defendant for a stay of all proceedings in this action pending the determination of a hearing before the New York State Insurance Department conditioned upon the deposit by defendant of a sum equal to 40% of the amount sought to be recovered against it in an interest bearing regular or time deposit account in its name with the provision that no part of such account shall be touched until final disposition of this action or in substitution therefor the allocation of securities held by defendant to such account, unanimously reversed, on the law and on the facts, the motion for a stay is denied, and the stay heretofore granted vacated, without costs or disbursements. In this action seeking recovery of premiums due for malpractice insurance where plaintiff had moved for summary judgment, it was improper for Special Term to issue the stay described above. CPLR 2201 provides, *"Except where otherwise prescribed by law,* the court * * * may grant a stay of proceedings in a proper case, upon such terms as may be just"* (emphasis added). Within the framework of the provision "otherwise prescribed by law" is section 34 of the Insurance Law, which specifies the exclusive method of staying the enforcement of rates established on behalf of plaintiff by the Superintendent of Insurance. That section, in pertinent part, provides: "any order, regulation or decision of the superintendent is

declared to be subject to judicial review in a proceeding under article seventy-eight of the civil practice law and rules. * * * the commencement of such proceeding shall not affect the enforcement or validity of the superintendent's order, regulation or decision under review unless the court shall determine, after a preliminary hearing of which the superintendent is notified at least forty-eight hours in advance, that a stay of enforcement pending the proceeding or until further direction of the court will not unduly injure the interests of the people of the state, in which case a stay of execution may be granted." A CPLR article 78 proceeding was instituted by defendant and other institutions in Kings County challenging the rates established on behalf of plaintiff by the Superintendent of Insurance, on the ground that the rates were defective and incorrectly calculated and as a result of such proceeding the Superintendent of Insurance was directed to hold a hearing on such claims. Petitioners in that proceeding did not seek to stay the enforcement or effect of such rates nor was a stay thereof granted. The provisions of section 34 of the Insurance Law for a stay were not met herein. It is observed that this matter is not a CPLR article 78 proceeding. Furthermore, there was no hearing before the court on notice of the Superintendent of Insurance and no finding by the court that the interests of the people of the State would not be injured unduly by a stay. Accordingly, the application to Special Term for a stay circumvented the requirements of the Insurance Law and for that reason the granting of the stay was improper. Were we to assume that an application for a stay could have been entertained in this action, we nevertheless would not agree with defendant that the granting of the stay was a sound exercise of discretion. "It is only where the decision in one action will determine all the questions in the other action, and the judgment on one trial will dispose of the controversy in both actions that a case for a stay is presented. * * * What is required is complete identity of parties, cause of action and judgment sought." (*Pierre Assoc. v Citizens Cas. Co. of N. Y.,* 32 AD2d 495, 497.) No such situation is presented here. The parties are not the same—plaintiff in this action was not a party to the CPLR article 78 proceeding. The complaint in this case seeks a money judgment, the answer denies the sums are due and seeks reformation and rescission. The relief defendant has obtained in the CPLR article 78 proceeding is merely a hearing before the Superintendent of Insurance and neither plaintiff nor defendant will obtain as a result of that hearing the relief sought in this action. Accordingly, there is no basis for the stay. Concur—Kupferman, J. P.; Birns, Evans, Fein and Sandler, JJ.