OPINION OF THE COURT
Bernard F. McCaffrey, J.
The question presented in this motion for a protective order is whether a wife should be permitted to proceed with pretrial disclosure in her matrimonial action commenced after the effective date of the equitable distribution law, July 19,1980, while there was and is pending between the parties in this very same court, a divorce action commenced by the husband prior to the effective date of the new law.
The defendant’s position is that the plaintiff herein cannot pursue such disclosure proceeding until a disposition is first had in the defendant’s prior action against the plaintiff. Defendant’s position is founded to a great extent upon the proposition that defendant’s success in his prior pending divorce action, which is under the “old law”, would result in a judgment therein which would be completely dispositive of the plaintiff’s instant action.
*502 The defendant contends that, since the financial discovery proceedings now permitted under the equitable distribution law (Domestic Relations Law, § 236, Part B) are much broader in scope than is applicable under the “old law”, or part A of section 236 of the Domestic Relations Law, additional expense would be created, and that investigation by an accountant or appraiser would be extensive, costly and time consuming. Also, there are different areas of assets involved, each of which would be required to be appraised and evaluated so that a court may deal with the “new law” provisions involving either equitable distribution or the matter of distributive share (see Domestic Relations Law, § 236, Part B, subd 5). The defendant further contends that the only financial issue to be determined in the “old law” case would be the matter of alimony, not a division of property in the name of one spouse.
Plaintiff, however, contends that, since plaintiff’s right to maintain her separate action is undisputed, her right to proceed with that action, without undue delay, must be permitted. In short, either plaintiff’s action is subject to dismissal, or else it may proceed without impedance by any stay of proceedings. Any claimed “hardship” is outweighed by the need for maintenance of a speedy and efficient system of judicial determination of all common issues in both actions.
Thus, it should be noted that the issue raised by the instant motion stems from the fact that Action No. 1 is governed by the “old law”, and Action No. 2 falls within the purview of the new equitable distribution law.
There are some 40 States which have a form of property distribution. The statutes are not all alike. Some States have had these laws for many years, while others, like New York, have only recently enacted an equitable distribution law. The court and counsel have sought guidelines by researching the laws of a number of these States, in particular, the adjacent States of New Jersey, Connecticut, Massachusetts and Pennsylvania. It is noted that defendant’s counsel, in a very thorough and well-presented brief, notes an additional random research of six other States, to wit: Arizona, Iowa, Missouri, Colorado, Indiana and lili *503 nois. However, neither the court nor counsel have been able to locate any cases directly in point as to the specific issue before this court in this matter. New Jersey statute is very brief and silent on the matter of retroactive application. It is noted that in 1971 when the statute took effect the courts unanimously declared that it applied to all underlying actions which had not, as yet, resulted in a judgment. It was also the holding in the States of Massachusetts and Connecticut, where equitable distribution has been the law for many years.
There are no cases precisely on point; however, there are recent decisions involving the treatment of the “old law” and the “new law” in the area of consolidated or joint trials, though that is not the issue herein, it nevertheless does have relevance. (See Bofinger v Bofinger, 107 Misc 2d 573; Lowe v Lowe, NYLJ, Jan. 22, 1981, p 15, col 2; De Trono v De Trano, NYLJ, Jan. 13, 1981, p 13, col 2.) These holdings implicitly recognize the right of the spouse, who has started a later divorce action under the “new law”, to proceed with the prosecution of her action without the necessity of first defeating the other spouse’s earlier suit for divorce under the “old law”.
This court concurs with the reasonings by the courts in these matters, for to do otherwise would result in a race to judgment and the granting of an unfair advantage as to one spouse as against the other, depending solely upon who instituted the divorce proceeding first.
In the action brought prior to the effective date of the “new law” there has not, as yet, been discovery. The court notes that both cases are, in effect, at the same stage of litigation. For the same reasons the courts permit joint trials of cases involving the “old” and the “new” law, this court finds that duplication in discovery proceedings can best be avoided by permitting the discovery requested by the wife.
Were the husband, in any event, to prove his case the court can obviously deny alimony to the wife without any reference to distribution of property and any distributive award, and the trial court can readily resolve any differ *504 enees in the applicable law and control the admissibility of relevant financial proof.
Thus, allowing both actions to proceed concurrently through the various pretrial stages would facilitate speedy dispositions and effect an orderly administration of justice in the most fair and equitable manner.
What the defendant husband seeks here is a stay of the type of discovery sought by the plaintiff wife until the prior action has been determined. However, although a judgment in favor of the husband in the prior action would constitute a bar to prosecution of the subsequent action, a judgment in favor of the wife in the prior action would not necessarily terminate the litigation between the parties. It is only where the decision in one action will determine all the questions in the other action and the judgment in one trial will dispose of the controversy in both actions that a case for a stay is presented. (Medical Malpractice Ins. Assn. v Methodist Hosp. of Brooklyn, 64 AD2d 558; Pierre Assoc. v Citizens Cas. Co. of N. Y., 32 AD2d 495.)
Even though the failure of the Legislature to specifically designate the time of the granting of judgment as the effective date of the new equitable distribution law has resulted in confusion and inequities by the creation of two different classes of citizens with varying rights in pending divorce proceedings, it should, nevertheless, be noted that “full disclosure” is the cornerstone to the just and equitable determination of a matrimonial matter, whether under the “old” or “new” law.
Thus, though more extensive discovery is necessarily required under the “new” law, it should be noted that, particularly on the basis of the facts in this matter, wherein the plaintiff contends that the defendant has acknowledged a net worth of approximately $1,600,000, of which approximately $1,000,000 is constituted by the net worth of his 68% interest in one corporation and approximately 34% in another corporation, as well as other substantial sources of income, that even under the “old” law the plaintiff would be able to conduct broad disclosure similar to that actually sought by her in her pretrial deposition under the “new” law, in order to determine whether the *505 defendant has any income not reflected in his salary statements and tax returns.
Further, such discovery can still lend itself to application in the “old” law case in terms of its revealing the ability of the one spouse to pay and the needs of the other spouse. The advantages that such discovery provides to both parties outweighs any disadvantage that might be claimed by one or the other spouse. If one were to accept the argument of the husband that a judgment in his favor in the prior pending case will be dispositive of any financial claim by the wife, then one could also argue in favor of bifurcated trials in all of the “old” law cases, because it could be argued that the question of finances should always abate a determination first of the issue of entitlement to a divorce, thus saving in some cases the experience and time consumed in discovery.
As to the exception taken by the defendant to the production of certain items as improper, even under the “old” law, it is sufficient that, in addition to the profit and loss statements and balance sheets of the corporations in question, disclosure be had as to (1) agreements to which defendant is a party; (2) all loan, personal expense, disbursement and receipt accounts with respect to the defendant; (3) any records of membership and contributions in any charity or other organizations, including private or professional clubs or associations; and (4) records of all credit card charges incurred by the defendant paid for by said businesses. (See Raved v Raved, 71 AD2d 883.) However, if defendant is an employee and minority (10%) shareholder of any corporation from which plaintiff seeks disclosure, such extensive examination into the finances of the said corporation would not be permitted, except as is necessary to disclose the extent of the defendant’s ownership and the extent of payments actually made to the defendant. (See Ingarra v Ingarra, 75 AD2d 576.) This does not preclude plaintiff from seeking further discovery upon a showing of special circumstances warranting same.
Defendant need not furnish his office or business diaries and appointment books, or that portion of Item No. 22 dealing with the emancipated children’s expenses.
*506 Defendant’s motion for a protective order is denied ex cept to the extent hereinabove indicated.
The order to be submitted herein shall include a timeta ble relative to the discovery to be conducted.