OPINION of the court
Vincent E. Balletta, J.
This is a motion by the defendant for an order directing the plaintiff to appear for examination before trial.
The instant action was commenced in August, 1980 and on July 16, 1981 the notice of issue and statement of readiness were filed. The matter is now scheduled for trial on March 30,1982 and by order to show cause dated March 11, 1982 the defendant’s substituted counsel makes this motion. The attorney for the defendant indicates that the motion has been made belatedly because he was formally substituted in this action on February 4, 1982. He states that he “cannot explain the reason why the prior attorney did not conduct the examination”.
Section 675.7 of the Rules of the Appellate Division, Second Department (22 NYCRR 675.7), states in pertinent part: “After any action has been placed on the trial calendar pursuant to this Part, except as permitted by section 675.6 of this Part, no pretrial examination or other preliminary proceedings may be had unless unusual and unanticipated conditions subsequently develop which make it necessary that further pretrial examinations or further preliminary proceedings be had and if without them the moving party would be unduly prejudiced.”
*278 Although the foregoing would seem to indicate that this motion should be denied, the court is concerned with the fact that this is an equitable distribution case and that such cases generally require significant disclosure. (Wells v Wells, 108 Misc 2d 501.) Under such circumstances, were this court to deny the application for the examination before trial, then and in such event, discovery might well take place during the trial of this action. This would be an unacceptable and unwarranted incursion on judicial time. Therefore, this court is constrained to grant the defendant’s application.
Accordingly, the plaintiff is directed to appear for examination before trial at Special Term, Part II, of this court at 9:30 a.m. on March 26, 1982. The examination shall continue until completed and there shall be no adjournments without my prior written approval.
The defendant is specifically directed to make all necessary arrangements with the stenographic reporter who attends at this examination to insure that a copy of the transcript will be made available forthwith. This includes the payment of any and all necessary surcharges which may be imposed by the reporting company. The trial of this action must not be delayed indefinitely.