■ HOPE'S WINDOWS, a Division of ROBLIN INDUSTRIES, INC., Appellant, v ALBRO METAL PRODUCTS CORP., Respondent. HOPE'S WINDOWS, a Division of ROBLIN INDUSTRIES, INC., Appellant, v UNITED STATES FIDELITY & GUARANTY COMPANY, Defendant, and SEABOARD SURETY COMPANY, Respondent. — Order of the Supreme Court, New York County (Price, J.), entered June 28, 1982, unanimously reversed, on the law and the facts, and the motion for a stay of proceedings denied, without costs. Baltimore Contractors, Inc., was the general contractor employed to construct a hospital building at Hahnemann Medical College and Hospital in Philadelphia. Baltimore subcontracted to Albro Metal Products Corp. the installation of "curtain walls". Thereupon Albro entered into an agreement with plaintiff under the terms of which plaintiff agreed to furnish 319 aluminum thermal Hopper windows. Additionally, plaintiff was to perform certain services in connection with the curtain

walls. After plaintiff had completed its services Baltimore commenced an action against Albro and Seaboard Surety Company, the surety on Albro's bond, in the United States District Court for the Eastern District of Pennsylvania, contending that the windows furnished by plaintiff were defective. Under the retainage clause of the contract between Baltimore and Albro, Baltimore withheld a sum greater than the amount remaining to be paid to plaintiff by Albro to repair the alleged defective work. Accordingly, plaintiff brought these actions against Albro and against Seaboard to recover the sum claimed to be due. Albro and Seaboard then moved to stay these actions on the ground that some or all of the issues here involved would be resolved in the Pennsylvania Federal court action brought by Baltimore against Albro and Seaboard. Special Term granted the motion and stayed the action. CPLR 2201 authorizes the granting of a stay "in a proper case, upon such terms as may be just". However, the broad language of the statute has been limited by decision. Thus " 'it is only where the decision in one action will determine all the questions in the other action, and the judgment on one trial will dispose of the controversy in both actions that a case for a stay is presented * * * What is required is *complete identity of* parties, causes of action and judgment sought' " (*Pierre Assoc. v Citizens Cas. Co. of N.Y.*, 32 AD2d 495, 497; emphasis supplied; *Medical Malpractice Ins. Assn. v Methodist Hosp. of Brooklyn,* 64 AD2d 558, 559). Here, no such identity exists. Plaintiff is not a party to the Pennsylvania Federal court action and will not be bound thereby; nor can we be certain that the issues to be litigated, though similar, are identical. In sum, there was no warrant for a stay and, accordingly, we vacate it. Concur — Sullivan, J. P., Bloom, Fein and Kassal, JJ. Silverman, J., concurs in the result only.