■ In the Matter of PEGGY S. COBURN, Appellant, v ELWOOD COBURN, JR., Respondent. — Yesawich, Jr., J. Appeals (1) from an order of the Family Court of Delaware County (Estes, J.), entered November 4, 1983, which *sua sponte* appointed an attorney to represent respondent and stayed enforcement of a prior custody determination, and (2) from an order of said court, entered February 17, 1984, which vacated the prior custody determination, dismissed the petition on which it was based and awarded respondent counsel fees.

The parties were married on May 5, 1979 at the Loring Air Force Base in Limestone, Maine. In September of that year, they moved from Maine to the Fairchild Air Force Base in Spokane, Washington, where their two children were born. Thereafter, in March of 1983, while respondent, a serviceman, was completing a tour of duty in Korea, petitioner unilaterally moved to Delaware County in New York where, on May 20, 1983, she executed a custody petition listing Delaware County as the children's address. The children had resided in Washington since birth. By order to show cause issued by the resident Delaware County Family Court Judge and made returnable August 12, 1983, petitioner endeavored to obtain custody of the children. In the interim, respondent initiated an action on August 9, 1983 in Washington for dissolution of the marriage and custody of the

children. Two days later, petitioner received via Federal Express certain papers from respondent.

At the scheduled Family Court hearing in Delaware County held the following day, August 12, 1983, a visiting Family Court Judge before whom the show cause order was made returnable granted petitioner's custody petition on default. Her counsel then stated: "We have a letter we received yesterday by Federal Express and a set of papers that came in. I don't think that that's binding on this court, but I want the record to reflect that those were received." In response, Family Court observed that respondent's failure to appear warranted a default; the record does not indicate that the papers were examined by the court.

Two months later, the resident Delaware County Family Court Judge received correspondence from the Court Commissioner of the Superior Court of the State of Washington for the County of Spokane declaring: "Our courts are ready and available to proceed to resolve this dissolution and custody question. My initial feelings would be that our court, under these circumstances, would be appropriate considering the witnesses and the fact that Mr. Coburn is on active military duty at this time with a limited income and resources available to him." By order entered November 4, 1983, Family Court *sua sponte* stayed execution of the August 12, 1983 custody order and appointed counsel to represent respondent's interests. Petitioner maintains that Family Court lacked jurisdiction to enter any such order. She also challenges Family Court's later determination, entered February 17, 1984, which vacated the August 12, 1983 order, dismissed the underlying custody petition and assessed petitioner $1,394.75 in fees and disbursements for the services of the attorney named by the court to represent respondent.

But for the propriety of the counsel fee award, the parties have adjusted their differences in a court proceeding in Washington. Preliminarily, the question to be addressed is whether Family Court had authority to even issue the order of November 4, 1983 appointing counsel for respondent.

CPLR article 22 permits a court to stay proceedings in a proper case upon such terms as may be just (CPLR 2201). It is within the court's discretion to stay execution of a judgment upon the disclosure of "exceptional circumstances" (*see,* Seigel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2201:9, p 7; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2201.05 [1984]).

Execution of the custody order of August 12, 1983 was stayed because its entry on respondent's default was "traceable to [petitioner's] omission to fulfill her duty of disclosure under

section 75-j of the Domestic Relations Law". The Washington Court Commissioner's letter alerted Family Court to the fact that, at the hearing two months earlier, petitioner had neglected to apprise the court of respondent's status as a military enlistee or of her recent unilateral move to New York; these facts had a direct bearing both on Family Court's jurisdiction and the appropriateness of a default judgment. The stay merely represented a lawful attempt to remedy an apparent injustice arising from petitioner's less than complete disclosure to the court.

And notwithstanding petitioner's argument to the contrary, Family Court's action comported with CPLR 2221 (1), for this section permits any judge of the court to stay, vacate or modify an order made on default. Having legitimately intervened, Family Court's appointment of an attorney to protect respondent's interests constituted a proper exercise of its discretion, for such relief is contemplated and authorized by Military Law § 303 (1).

After respondent's appointed attorney succeeded in having the order of August 12, 1983 vacated, Family Court, in its order of February 17, 1984, *sua sponte* directed petitioner to pay respondent's counsel fees. Petitioner contends that the absence of meaningful notice and an opportunity to be heard on the fee issue deprived her of due process of law.

Domestic Relations Law § 75-i (3) authorizes a court, where a custody petition has been dismissed and reprehensible conduct has been engaged in by a petitioner, to charge the petitioner with the expenses, including counsel fees, incurred by other parties. The statute does not make a request for such relief a prerequisite to the award. Here, Family Court, in its November 4, 1983 determination, expressed in unequivocal terms its concern for and disapproval of petitioner's failure to bring to the visiting Family Court Judge's attention respondent's military status, the residence history of the children as required by Domestic Relations Law § 75-j, and the fact that a concurrent custody proceeding was then pending in Washington. Inexplicably, though accorded ample opportunity to do so, petitioner introduced no evidence to explain, justify or mitigate her conduct. Given these circumstances, and the further fact that petitioner does not challenge the amount of the fee awarded, we are of the view that Family Court did not act injudiciously.

Orders affirmed, without costs. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.