■ In the Matter of FRANK J. HOLLENDONNER et al., Appellants, v HUGO KIEM et al., Respondents.—Order of the Supreme Court, New York County (Helen E. Freedman, J.), entered on May 6, 1987, which, *inter alia,* granted, without prejudice to plaintiffs' rights under CPLR 205, defendants' motion to dismiss the action based upon the pendency of another action in New Jersey, is modified on the law, the facts and in the exercise of discretion to the extent of denying defendants' motion to dismiss and granting plaintiffs' cross motion to stay the New York action only as to those defendants named in the New Jersey action, and otherwise affirmed, without costs or disbursements.

This is a medical malpractice case arising out of surgery performed on plaintiff Frank Hollendonner at defendant Presbyterian Hospital in New York City by defendant Dr. Hugo Kiem, which procedure allegedly resulted in neurological damage to plaintiff. In December of 1984, plaintiff Frank Hollendonner and his wife, Lamina D. Hollendonner, commenced the instant action in the State of New York. The following year, plaintiffs instituted a second lawsuit in the State of New Jersey, of which they are residents, citing 3 of the same 9 defendants as those named in the New York State case (Presbyterian Hospital, Dr. Hugo Kiem and Dr. Robin Motz). Defendants in the New York action thereafter moved to dismiss based upon the pendency of the New Jersey action. Plaintiffs opposed the motion and cross-moved to stay the New York matter. The Supreme Court granted a stay pending resolution of certain disputed jurisdictional issues in the New Jersey case. In an order dated March 25, 1987, Superior Court Judge Kevin O'Halloran of New Jersey denied the motion by defendant Dr. Motz to dismiss the New Jersey action. Judge O'Halloran also denied Presbyterian Hospital's motion to dismiss for lack of personal jurisdiction. Subsequently, by order dated March 27, the Supreme Court dismissed the New York action without prejudice to renewal within one year

should the New Jersey claim fail. The court then recalled that ruling by order entered on May 1, 1987 and, instead, dismissed the New York action without prejudice to plaintiffs' rights under CPLR 205. Plaintiffs now appeal, seeking to reinstate the stay of the New York matter, or in the alternative, for an order tolling the running of the Statute of Limitations such that, in the event that the New York action is ultimately reinstated, plaintiffs will be in the same position with respect to the Statute of Limitations as they were when the case was initially brought in New York.

At the outset, it should be noted that 6 of the 9 defendants named in the New York action are not parties to the New Jersey action. While CPLR 2201 permits the granting of a stay "in a proper case, upon such terms as may be just", there is no basis to stay the matter against those defendants who were not sued in New Jersey. In that regard, the decision in the New Jersey action will certainly not determine all of the questions in the New York action; absent is the identity of parties, causes of action and judgment sought which is the prerequisite for a stay as set forth in the relevant legal authority (see, Hope's Windows v Albro Metal Prods. Corp., 93 AD2d 711, appeal dismissed 59 NY2d 968; Medical Malpractice Ins. Assn. v Methodist Hosp., 64 AD2d 558; Pierre Assocs. v Citizens Cas. Co., 32 AD2d 495). This court is neither advising plaintiffs as to the proper procedure to follow in the present matter nor mandating that they prosecute their claims in both jurisdictions simultaneously. It is plaintiffs who have elected to sue six of the defendants in New York only, and, having done so, should proceed with the action against them. As for the three defendants who were named in both lawsuits, a stay of the action against them pending resolution of the New Jersey matter would appear to be more appropriate than dismissal without prejudice. Concur—Sandler, J. P., Carro and Milonas, JJ.

Asch, J., dissents in part in a memorandum as follows: I would reverse the order of the Supreme Court appealed from and stay this action as to all defendants, those named in New Jersey and New York (three defendants) and those only named in New York (six defendants), which was the relief requested by plaintiffs.

The majority notes that 6 of the 9 defendants named in the New York action are not parties to the New Jersey action. They assert in the memorandum: "While CPLR 2201 permits the granting of a stay 'in a proper case, upon such terms as

may be just', there is no basis to stay the matter against those defendants who were not sued in New Jersey."

Although the majority is correct technically, that determination of the New Jersey action will not determine all of the questions in the New York action against the six defendants not named in New Jersey, as a practical matter, if plaintiffs succeed in New Jersey, I have no doubt this action will be discontinued. Further, it seems illogical to grant a stay as to some of the defendants for the purpose of judicial economy, and then require plaintiffs to proceed against other defendants in this action. Certainly, the six defendants will not be prejudiced by a stay of the action as to them until resolution of the New Jersey action.

This New York action, although commenced first, was initiated solely for "purely protective reasons" *(Corio v Stebo, Inc.,* 84 AD2d 738). Plaintiffs are determined to pursue their malpractice claims in New Jersey. By staying this action against some of the defendants and denying a stay (or dismissal) against the others, we are, in effect, mandating that plaintiffs proceed in both jurisdictions simultaneously. A stay of this action, on the other hand, pending resolution of the New Jersey proceeding would more appropriately constitute what "justice requires" (CPLR 3211 [a] [4]).