■ ESTATE OF LUCY SALERNO et al., Appellants, v ESTATE OF GUS J. SALERNO et al., Respondents.—In an action for rescission of a deed and for an accounting of rents collected, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Ferraro, J.), entered March 25, 1988, which denied their motion to extend a stay of entry of a judgment dismissing the action.

Ordered that the order is affirmed, with costs.

The complaint alleged that the defendants procured a deed from the decedent Lucy Salerno under circumstances of fraud, forgery or duress. The court granted the defendants' motion to dismiss the complaint for lack of capacity to sue. In light of a related probate proceeding, the court granted the plaintiffs' motion to reargue to the extent of staying the entry of the judgment of dismissal for 60 days or until commencement of a new action by a representative of the estate of Lucy Salerno, named herein as a plaintiff, whichever occurred first. Subsequently, the stay was effectively extended an additional several months. After an 11-month delay the court denied the plaintiffs' application to further extend the stay. The plaintiffs appeal from this order.

The plaintiffs assert that the court erred in not further extending the stay of the dismissal judgment contained therein. We disagree. Stays are addressed to the sound discretion of the trial court. Courts will authorize stays of the entry of judgment only where there exists some articulable reason, such as a showing of prejudice *(see, Nemet v Nemet,* 99 AD2d 828); exceptional circumstances, such as one party's failure to disclose *(see, Matter of Coburn v Coburn,* 109 AD2d 984); inadequate remedies, so that the equities warrant a stay *(see, Croker v New York Trust Co.,* 206 App Div 11); or where there exists a related pending action which, once resolved, would determine all or significant aspects of the present action due

to an identity of parties, causes of action and judgment sought (*see, Hope's Windows v Albro Metal Prods. Corp.*, 93 AD2d 711; *Matter of Mann*, 24 AD2d 780).

At bar, the court granted a motion to dismiss on the ground that the plaintiffs, named as the potential executor, and the legatees and devisees of an individual whose will had not yet been admitted to probate, lacked capacity to sue. Upon the plaintiffs' representations that the will would be admitted to probate imminently, the court stayed entry of the dismissal judgment for 60 days or until commencement of a new action by a duly named representative of the estate, whichever occurred first. Thereafter, the court agreed to extend the stay several times, each time accepting the plaintiffs' claims that the contested probate proceeding would shortly be resolved and a representative be named. The entry of the dismissal judgment was effectively stayed for nearly a year.

Under such circumstances, we cannot say that the court erred in failing to further extend the stay of the judgment of dismissal. The plaintiffs had ample opportunity to address the judgment dismissing the complaint for lack of capacity to sue. They could have arranged for the appointment of a temporary administrator pursuant to the SCPA 901, thereby protecting any adverse result to the estate. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.