■ FLEET NATIONAL BANK, Appellant, v FRANK MARRAZZO, JR., et al., Defendants, and RALPH PERONE, Respondent. [804 NYS2d 99]—

In an action, inter alia, to recover on a note and certain guaranties, the plaintiff appeals, as limited by its letter dated May 17, 2005, and a stipulation of settlement dated May 5, 2005, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), entered May 4, 2004, as denied those branches of its motion which were for summary judgment on the fifth and sixth causes of action in the complaint and summary judgment dismissing the affirmative defenses asserted by the defendant Ralph Perone, and granted that branch of the cross motion of the defendant Ralph Perone which was to stay all proceedings in the action pursuant to CPLR 2201 during the pendency of a bankruptcy proceeding commenced in the United States Bankruptcy Court for the Southern District of New York.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the fifth and sixth causes of action and summary judgment dismissing the affirmative defenses asserted by the defendant Ralph Perone are granted, that branch of the cross motion of the defendant Ralph Perone which was to stay all proceedings in the action pursuant to

CPLR 2201 is denied, and the matter is remitted to the Supreme Court, Suffolk County, to determine the costs, expenses, and reasonable attorney's fees incurred by the plaintiff in enforcing its rights under the guaranty executed by the defendant Ralph Perone, and for the entry of an appropriate judgment in favor of the plaintiff on the fifth and sixth causes of action.

The plaintiff established its entitlement to judgment as a matter of law with respect to the fifth cause of action by submitting proof of the existence of an underlying note, a guaranty executed by the defendant Ralph Perone, and Perone's failure to make payment in accordance with the terms of those documents (*see E.D.S. Sec. Sys. v Allyn*, 262 AD2d 351 [1999]; *Construc-tamax, Inc. v CBA Assoc.*, 294 AD2d 460 [2002]; *North Fork Bank v Hamptons Mist Mgt. Corp.*, 225 AD2d 595 [1996]). The plaintiff also established its entitlement to summary judgment with respect to the sixth cause of action by demonstrating that the guaranty provided for the recovery of court costs and an award of an attorney's fee incurred in enforcing its rights under the guaranty and on the underlying note against Perone. In opposition, Perone failed to raise a triable issue of fact. A bankruptcy proceeding pending in the United States Bankruptcy Court for the Southern District of New York (hereinafter the bankruptcy proceeding) involving the corporation which defaulted on the underlying note did not affect Perone's liability on the guaranty (*see Mel Wood Prods. v Kores*, 81 AD2d 830 [1981]; *Seidenberg v Ostojic*, 79 AD2d 1020 [1981]).

Since the terms of the guaranty permitted the plaintiff to enforce its rights against Perone without resorting first to the corporate debtor, and since this action and the bankruptcy proceeding did not share a "complete identity of parties, cause of action and judgment sought" (*Pierre Assoc. v Citizens Cas. Co. of N.Y.*, 32 AD2d 495, 497 [1969]), the Supreme Court improvidently exercised its discretion in granting that branch of Perone's cross motion which was to stay all proceedings in this action pursuant to CPLR 2201 during the pendency of the bankruptcy proceeding (*see* CPLR 2201; *Bennell Hanover Assoc. v Neilson*, 215 AD2d 710 [1995]; *Estate of Salerno v Estate of Salerno*, 154 AD2d 430 [1989]; *Hope's Windows v Albro Metal Prods. Corp.*, 93 AD2d 711 [1983]).

The parties' remaining contentions are without merit. Goldstein, J.P., Skelos, Fisher and Lunn, JJ., concur.