**BANKERS TRUST COMPANY, Plaintiff,**

v.

**Antonio Gonzalez MORA, Defendant.**

**No. 81 Civ. 0676 (KTD).**

United States District Court,
S. D. New York.

Sept. 23, 1981.

As Amended Oct. 27, 1981.

Moses & Singer, New York City, for plaintiff; Gordon S. Calder, Jr., New York City, of counsel.

Field, Lomenzo & Turret, P. C., New York City, for defendant; David A. Field, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

The defendant was the head of an office of the plaintiff bank in Caracas, Venezuela. Before being sent to Venezuela, defendant was employed by the plaintiff's New York office and submitted to a year of training in New York.

The Caracas, Venezuela office of plaintiff is not a branch bank but merely a representative office. The plaintiff bank carries no accounts in Venezuela nor any independent banking activity in that country. By the complaint in this case, the plaintiff seeks to recover certain alleged defalcations by the defendant effected by fraudulent reimbursement requests addressed to the New York home office of the bank with payments being made directly from the New York office.

The alleged deception by the defendant began in October, 1969 and continued through January, 1979, when the defendant's employment as the plaintiff's representative in Caracas ended. During this ten-year period, the defendant supposedly forged his monthly "representative reports," which were reviewed by the plaintiff in New York prior to reimbursement. The complaint also states that Mr. Mora submitted numerous counterfeit business expense receipts, legal bills, employment stubs, Diners Club credit card receipts, and travel expense claims.

Defendant's fraudulent conduct was continuous and systematic; his acts were not geographically restricted to Caracas, but directly affected plaintiff in New York every time payment of false billings was made by plaintiff. Moreover, the Caracas office was dependent on the New York headquarters of Bankers Trust for its continued financial survival.

Contrary to defendant's assertions, this constitutes sufficient contacts with New York to invoke jurisdiction in this district under New York's long arm statute. N.Y. Civ.Prac.Law & Rules, § 302(a)3(i).[1]

1. Section 302 provides in pertinent part:
(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through or through an agent:

   .    .    .    .    .

   3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of

action for defamation of character arising from the act, if he
  (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
  (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;

   .    .    .    .    .

Defendant's alleged misrepresentations were completed in Caracas before being sent to New York for further action. This constitutes tortious action outside of New York which clearly causes injury within the state in satisfaction of Section 302(a)3. In *Marine Midland Bank v. Keplinger & Associates, Inc.*, 488 F.Supp. 699 (S.D.N.Y.1980), I recently upheld the exercise of long arm jurisdiction in an action instituted by a bank to recover for the tortious misrepresentations of an out-of-state consultant, and stated that:

> [I]t is now apparent that commercial misrepresentations, such as are alleged in the case at bar, may, in an appropriate case, constitute tortious conduct within the purview of § 302(a)3 of the long-arm statute. *Lehigh Valley Industries, Inc. v. Birenbaum*, 389 F.Supp. 798, 804 (S.D.N.Y.), *aff'd*, 527 F.2d 87 (2d Cir. 1975). *See also White v. Guarente*, 43 N.Y.2d 356, 372 N.E.2d 315, 401 N.Y.S.2d 474 (1977). Indeed, it is now settled in New York that where a defendant knowingly sends a false statement into a state intending that it be relied upon, he has, for jurisdictional purposes, acted outside the state. *Kramer v. Vogl*, 17 N.Y.2d 27, 215 N.E.2d 159, 267 N.Y.S.2d 900 (1966). And where the misrepresentation causes an injury in New York and the additional New York contacts obtain, long-arm jurisdiction will lie.

488 F.Supp. at 703 (S.D.N.Y.1980).

In the instant case, assuming the facts in plaintiff's complaint to be true, defendant sent numerous false statements to the plaintiff with full knowledge that the plaintiff would rely on the veracity of Mora's information for reimbursements. All payments to the defendant were sent from New York to Venezuela, thus there was clearly injury in this state. *See Marine Midland, supra*, 488 F.Supp. at 703.

Plaintiff also fulfills the additional requirements of Section 302(a)3(i).[2] Defendant's contacts with plaintiff's New York office were constant throughout the time he allegedly defrauded Bankers Trust. These contacts included his submission of monthly reports and his requests for a country club membership. Furthermore, while physical presence is not a prerequisite to long arm jurisdiction, it is worth noting that Mr. Mora did make several trips to New York during his Venezuelan employment at plaintiff's expense for both personal and business reasons. Moreover, defendant's presence in New York for a one-year training session with plaintiff prior to his transfer to Venezuela by Bankers Trust, in addition to all Mora's previously mentioned New York contacts, satisfies due process requirements sufficient for this court to exercise jurisdiction under the New York long arm statute. *See, e. g., George Reiner & Co., Inc. v. Schwartz*, 41 N.Y.2d 648, 394 N.Y.S.2d 844, 363 N.E.2d 551 (1977).

The only question left is whether plaintiff's service of process satisfied C.P.L.R. § 308. A copy of the complaint was affixed to the door of defendant's residence and a copy of the complaint was mailed to Mora's Florida address. The process server's affidavit indicates that after affixing the complaint to the door at defendant's residence, he saw a woman leave the apartment and take the complaint inside. The defendant's wife has submitted an affidavit stating that she is the only woman who was in the defendant's apartment at the time of the alleged service and that she did not remove anything from the door. In fact, she states that no papers were ever affixed to her door. On these facts, defendant claims that he has been victimized by "sewer service" and demands a hearing on the question.

I have serious doubts about the necessity of a hearing, but if defendant persists in his demand, a bond in the amount of $5,000 is to be posted by each side to cover costs, expenses and attorneys' fees within twenty-one days from the date hereof. If no such arrangement is made, it will be assumed that this claim is abandoned.

SO ORDERED.

---

2. Defendant's compliance with Section 302(a)3(i) negates the need to discuss Section 302(a)3(ii) or Section 302(a)1 as bases for long arm jurisdiction.