■ CECELIA CORIO, Appellant-Respondent, v STEBO, INC., Also Known as MALIBU DUDE RANCH, Sued Here as Malibu Ranch, Respondent-Appellant. — Order, Supreme Court, New York County (Gabel, J.), entered April 14, 1981, which, *inter alia,* granted defendant's cross motion to dismiss the complaint, unanimously modified, on the law, without costs or disbursements, to strike the provision directing dismissal of the complaint on the ground of another action pending between the parties for the same cause of action, and to substitute therefor a decretal paragraph granting defendant's motion to dismiss for lack of personal jurisdiction and, except as thus modified, affirmed. This action was commenced over 18 months prior to the commencement of the other actions in Pennsylvania, which were instituted only to protect and preserve plaintiff's rights in the event defendant prevailed on its affirmative defense of lack of personal jurisdiction. The Pennsylvania Statute of Limitations, which is shorter than that of New York, was about to expire. Dismissal because of the pendency of another action between the same parties is not mandatory, but, rather, discretionary. CPLR 3211 (subd [a], par 4) specifically provides "[T]he court need not dismiss upon this ground but may make such order as justice requires". All pretrial proceedings had been completed and this action was ready to be placed on the Trial Calendar. In such circumstances, this action should not have been dismissed on the basis of the pending Pennsylvania actions, the commencement of which was for purely protective reasons. Moreover, inasmuch as a defense based on a ground set forth in CPLR 3211 (subd [a], par 4) is waived unless raised either by motion or responsive

pleading (CPLR 3211, subd [e]), it would appear that dismissal, if appropriate at all, should be granted only in instances where the other action was pending at the time of the commencement of the action in which the defense is asserted. (See 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.20.) The complaint should, however, have been dismissed for lack of personal jurisdiction. Though raised, this issue was never reached at Special Term. Defendant is a Pennsylvania corporation, not licensed or authorized to do business in New York. It is undisputed that plaintiff's cause of action does not arise out of any act performed by defendant in New York. (See CPLR 302.) Rather, plaintiff contends that defendant is actually present in New York through its employees on a regular and systematic basis so as to confer jurisdiction under CPLR 301. It is conceded that defendant advertises in a New York newspaper and maintains a New York telephone number which, when dialed, provides a direct connection to its Pennsylvania office. It does not maintain an office or have any employees in New York. Of course, solicitation alone is not enough to constitute doing business. *(Miller v Surf Props.,* 4 NY2d 475.) Nor is the maintenance of a direct telephone line to an out-of-State office. *(Greenberg v R.S.P. Realty Corp.,* 22 AD2d 690.) Plaintiff relies upon the fact that defendant, the owner and operator of a dude ranch in Pennsylvania, sends an employee to the Penn Station area every Friday to pick up its guests and transport them by van to its ranch. These guests are returned by van on Sunday evening. This issue was raised in *Meunier v Stebo, Inc.* (38 AD2d 590), an action which involved this same defendant and a fact pattern identical in all material aspects to the instant matter. As we do now, the court there rejected the argument that the furnishing of round-trip transportation, on the basis shown here, constitutes a regular and systematic corporate presence in New York sufficient to satisfy due process concepts. Concur — Sullivan, J. P., Carro, Markewich, Lupiano and Bloom, JJ.