**MIJE ASSOCIATES, Plaintiff,**

v.

**HALLIBURTON SERVICES, et al., Defendant.**

**81 Civ. 8193 (WK).**

United States District Court, S.D. New York.

Dec. 13, 1982.

---

Herbert Adler, Wendy & Adler, New York City, for plaintiff.

Bruce F. Gilpatrick, Heidell, Pittoni & Moran, P.C., Daniel H. Greenberg, New York City, for defendants.

**MEMORANDUM AND ORDER**

WHITMAN KNAPP, District Judge.

■ This is a diversity action. Plaintiff—a New York partnership[1]—invested monies in developing oil and gas wells in Kentucky. It sues three defendants on allegations of negligence or professional malpractice, in that they failed properly to drill certain wells, causing thereby a diminished oil yield and, thus, monetary damage.

■ Two defendants—Halliburton Services and Edmund Nosow—move to dismiss for lack of personal jurisdiction.[2]

■ As to Halliburton, it has been established that it is a corporation registered with the Secretary of State of the State of New York pursuant to § 210 of New York's General Corporation Law. *See* Supplemental Affidavit of Herbert Adler [docket entry # 15]. Accordingly, the motion is denied as to it.

■ Defendant Nosow was retained as a geologist to supervise development of the wells. It is alleged that he "carelessly and negligently supervised the drilling . . . and failed to use that degree of care which a reasonably prudent professional . . . would have used . . . ." Complaint ¶ 23. Plaintiff invites us to sustain jurisdiction under subdivision 3 of CPLR 302(a).[3] We decline that invitation.

In short, the specific question before us is whether, considering the pleadings and affi-

---

1. The moving defendants argue that the pleadings—which identify plaintiff merely as a "New York partnership", Complaint ¶ 1—are insufficient to test the existence of complete diversity. Strictly, such pleading is, indeed, insufficient. *Colonial Realty Corp. v. Bache & Co.*, (2d Cir. 1966) 358 F.2d 178; 1 Fed.Proc.L.Ed. § 1:331. However, plaintiff has established that all its partners are New York citizens. Answering Affidavit of Herbert Adler [docket entry # 10] ¶ 5.

2. Defendant Halliburton has also moved to dismiss for failure to join an indispensable party under Fed.R.Civ.P. 19 and, in the alternative, for transfer to another district pursuant to 28 U.S.C. § 1404. Both these motions are premature. Accordingly, they are denied without prejudice to their being renewed should dis-

covery afford Halliburton proper support for either petition.

3. That section reads as follows:

§ 302. Personal jurisdiction by acts of non-domiciliaries.

(a) Acts which are the basis of jurisdiction. As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

\* \* \* \* \* \*

3. commits a tortious act without the state *causing injury to person or property within the state,* except as to a cause of action for defamation of character arising from the act, if he

davits "in the light most favorable to plaintiff", *Rios v. Marshall,* (S.D.N.Y.1981) 530 F.Supp. 351, 367 (citing cases), facts "may exist", *Fantis Foods, Inc. v. Standard Importing* (1980) 49 N.Y.2d 317, 325, 425 N.Y. S.2d 783, 786, 402 N.E.2d 122, 125, to establish that Nosow's negligence caused plaintiff an injury "WITHIN THE STATE" within the meaning of CPLR 302(a)(3). We answer that question in the negative.

Efforts to establish a rule to fix the "situs of the injury" in cases where commercial damages—rather than physical injuries—are alleged, are complicated by the fact that such torts are "not the type which ... section [302(a)(3)] was primarily designed to cover ...." *American Eutectic Welding Alloys Co. v. Dytron Corp.* (2d Cir.1971) 439 F.2d 428, 432. *Accord Zoellner Corp. v. Tex Metals Co.* (2d Cir.1968) 396 F.2d 300, 302. The *American Eutectic* court, however, adopted the well-known formulation that in the sphere of commercial torts, the situs of the injury is "the place where the critical events associated with the dispute took place." *Id.* at 433 (*quoting Spectacular Promotions Inc. v. WING* (E.D.N.Y.1967) 272 F.Supp. 734, 737 (Weinstein, J.)).

Whatever be the "critical events" that allow us to determine the situs of a commercial injury, it is altogether clear that plaintiff's New York domicile—in and of itself—is not such a "critical event." This principle has been illustrated for a variety of commercial torts by decisions which declined to assert personal jurisdiction under CPLR 302(a)(3) over defendants alleged to have engaged in out-of-state tortious conduct causing injury "in" New York solely because plaintiff (or plaintiff's bank account) was located in the state. *See, e.g., Zoellner Corp. v. Tex Metals Co., supra,* 396 F.2d 300 (conversion); *American Eutectic Welding Alloys Co. v. Dytron Corp., supra,* 439 F.2d 428 (unfair competition) (citing cases); *Data Communication, Inc. v. Dirmeyer* (E.D.N.Y.1981) 514 F.Supp. 26 (tortious inducement to breach contract) (citing cases); *Dogan v. Harbert Construction* (S.D.N.Y.1980) 507 F.Supp. 254 (misrepresentation); *Louis Marx & Co. v. Fuji Seiko Co.,* (S.D.N.Y.1978) 453 F.Supp. 385, 388 n. 4 (Weinfeld, J.) (conversion and unfair competition) (dictum); *G.S.C. Assoc., Inc. v. Rogers* (E.D.N.Y.1977) 430 F.Supp. 148 (diversion of business); *Sales Arm, Inc. v. Aut. Club of S. Cal.* (S.D.N.Y.1975) 402 F.Supp. 763 (dictum); *Weiss v. Greenburg* (App.Div.1981) 85 A.D.2d 861, 446 N.Y.S.2d 447 (malpractice) (citing cases).[4] We know of no decision suggesting that the requirement of "injury to person or property within the state" could be satisfied by a negligence committed wholly outside the state which causes monetary damage to a New York citizen. We decline to be the first court making such an expansive ruling.[5]

(i) regularly does nor solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (emphasis added).

**4.** The complaint specifically identifies Nosow as a Kentucky citizen. Complaint ¶ 4. There are no allegations in the complaint that Nosow has any contact with New York State. In an Answering Affidavit of Herbert Adler [docket entry # 10], plaintiff states "on information and belief" that Nosow "does business" in New York "although he did *not come* to the State of New York *in person* in connection" with the wells at issue in this case. *Id.* at ¶ 19 (emphasis added). In a Reply Affidavit, Nosow denies doing business in New York. *Id.* ¶¶ 2, 3. In

light of our ruling that Nosow caused plaintiff no injury "within the state", these factual contentions—which are germane to the "contact" requirements of CPLR 302(a)(3)—are without moment.

**5.** In this connection, we distinguish as inapposite the line of cases exemplified by decisions such as *Hargrave v. Oki Nursery, Inc.* (2d Cir. 1980) 636 F.2d 897; *Bankers Trust Co. v. Mora* (S.D.N.Y.1981) 523 F.Supp. 285 (Duffy, J.); *Marine Midland Bank v. Keplinger & Assoc.* (S.D.N.Y.1980) 488 F.Supp. 699 (Duffy, J.). These were indeed instances of commercial injury to New York citizens where jurisdiction over out-of-state defendants was upheld under CPLR 302(a)(3). They were all, however, cases of *fraud* which defendants *specifically intended* to be relied upon by a New York business *in* New York. Using the "weak analogy", *Spectacular Promotions, supra,* 272 F.Supp. at 737,

The foregoing compels the dismissal of the complaint against Nosow. The injury to the partnership—lost future income—which allegedly resulted from Nosow's negligent supervision, was caused in Kentucky where "the critical events associated with the [negligent supervision] took place." It is of no importance for jurisdictional purposes that the financial consequences of the mishap may be felt in New York because the partners live here.[6]

## CONCLUSION

Halliburton's motion to dismiss is denied; its other motions are denied as premature. Complaint dismissed—on jurisdictional grounds and without prejudice—as to defendant Nosow.

SO ORDERED.

of rules for conflict purposes, we note that in these cases the tort of fraud was not "complete" until the fraudulent statements were relied upon *in New York* (as the tortfeasor had intended). In other words, New York was the place "where the last event necessary to make [the defendant] liable" occurred. By contrast, in our case—and in all the cases which illustrate what we believe to be the general rule—the alleged tort was "completed" out-of-state and its financial consequences were felt in New York solely because "the injured person resides or is domiciled there." *Data Communication, Inc. v. Dirmeyer, supra,* 514 F.Supp. at 30 (*quoting Fantis Foods, supra,* 49 N.Y. at 326–27, 425 N.Y.S.2d 783, 402 N.E.2d 122). *See American Eutectic Welding Alloys Co. v. Dytron Corp., supra,* 439 F.2d at 433 n. 5. And see *Kramer v. Vogl* (1966) 17 N.Y.2d 27, 267 N.Y.S.2d 900, 215 N.E.2d 159; *Dogan v. Harbert Const. Corp.* (S.D.N.Y.1980) 507 F.Supp. 254, 262 (Duffy, J.) for the proposition that a false representation made out-of-state which induced plaintiff to rely on it in New York—with resulting injury in New York—was not sufficient to confer jurisdiction under CPLR 302(a)(3), at least in the absence of defendant's specific intention that the misrepresentation be relied upon in New York.

6. With respect to defendant Nosow we find the situation indistinguishable from the one recently before the Court of Appeals in *Mayes v. Leipziger* (2d Cir.1982) 674 F.2d 178. Although Judge Kearse was dealing with a tort (legal malpractice) committed in California which undoubtedly caused monetary loss to a New York citizen, nowhere in the opinion did she suggest the applicability of CPLR 302(a)(3). Had she *thought it applicable, she would surely have* mentioned it. Indeed, the New York Appellate Division has specifically held CPLR 302(a)(3) unavailable to assert jurisdiction over a Florida law firm charged—in a malpractice action—with causing commercial damage to a New York citizen in connection with legal work done entirely in Florida. *Weiss v. Greenburg, supra,* 85 A.D.2d 861, 446 N.Y.S.2d 449.