Jane MARKS, as mother and natural guardian of Joshua Marks, an infant under the age of 14 years, and Jane Marks, individually, Plaintiffs,

v.

FARM AND WILDERNESS FOUNDATION, Defendant.

No. 90 Civ. 3743 (RPP).

United States District Court, S.D. New York.

Jan. 7, 1991.

Edward T. Chase, New York City, for plaintiffs.

Marshall, Conway & Wright, P.C., New York City by Robert Conway, for defendant.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendant moves pursuant to Rule 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure to dismiss this action for personal injuries to Joshua Marks, on the ground that this Court lacks *in personam* jurisdiction over it. In the alternative, defendant moves to transfer the action to the United States District Court in Vermont pursuant to 28 U.S.C. § 1404.

Plaintiff claims that, pursuant to N.Y.C. P.L.R. § 301, personal jurisdiction exists over defendant Farm & Wilderness Foundation ("F & W"), a not-for-profit corporation incorporated and headquartered in the state of Vermont where it operates six children's summer camps. Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss, at 3. Joshua Marks was injured while sledding on December 28, 1989, during an off-season weekend visit to one of defendant's facilities in Vermont. In the past, the child had attended summer camp at one of defendant's summer camps.

For the reasons stated below, defendant's motion is granted.

## DISCUSSION

█ § 301 provides that "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." N.Y.C.P.L.R. § 301. It preserves New York courts' power to exercise jurisdiction over persons, property or status as permitted by law and judicial decision before the enactment of the long-arm statute, CPLR § 302. 2nd Report Leg.Doc. (1958) No. 13, 37. Under § 301, the case law holds that a foreign corporation may be subjected to the jurisdiction of New York courts if it is "doing business" in the state of New York.

As the New York Court of Appeals has held:

Under CPLR 301 'the authority of the New York courts [to exercise jurisdiction over a foreign corporation] is based solely upon the fact that the defendant is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of its 'presence' in this jurisdiction"' ...

*Laufer v. Ostrow*, 55 N.Y.2d 305, 309–310, 449 N.Y.S.2d 456, 434 N.E.2d 692 (N.Y. 1982). The test of such a continuous and systematic course of doing business is whether "the aggregate of the corporation's activities in the State [is] such that it may be said to be 'present' in the State 'not occasionally or casually, but with a fair measure of permanence and continuity' ..." *Id.*

Construing all pleadings and affidavits in the light most favorable to the plaintiff, and resolving all doubts in favor of the plaintiff, *Cutco Industries v. Naughton*, 806 F.2d 361, 365 (2nd Cir.1986), the Court finds that plaintiff has failed to make a prima facie showing of facts warranting personal jurisdiction. *Beacon Enterprises, Inc. v. Menzies*, 715 F.2d 757 (2nd Cir. 1983).

There is no dispute that defendant has no offices, no real estate, no bank accounts and no employees whose place of employment is in the State of New York. Plaintiff cites the following as evidence of the defendant's continuous and systematic presence in New York: correspondence with returning campers from New York; mailings to the Marks family and other New York residents about "reunions" [1]; listings of parents in New York who could provide information about defendant's summer camps to prospective campers; the fact that 14 of 86 campers listed in one summer's address book for one of defendant's six summer camps are New York residents; the occasional hiring of buses to transport New York children under chaperone to and from summer camps in Vermont; occasional field trips across the border into New York State by summer campers in Vermont; the fact that some of defendant's employees have personal residences in New York State (although they reside in the Northern District of New York, not in this district).

To exercise personal jurisdiction, New York courts "require 'substantial solicitation' that is carried on with a 'considerable measure of continuity and from a permanent locale' within the state." *Beacon, supra*, 715 F.2d at 763 (citations omitted). F & W maintains no "permanent locale" in the State of New York from which it carries on "substantial solicitation" with "considerable" continuity. Affidavit of Leonard Cadwallader, October 10, 1990 (attached to Reply Affidavit of Matthew M. Cordrey). Plaintiff has presented no evidence to the contrary. Even in the aggregate, the activities cited by plaintiff do not warrant a finding of any permanent or continuous presence in New York to justify the exercise of personal jurisdiction. *See, e.g., Ronar, Inc. v. Wallace*, 649 F.Supp. 310 (S.D.N.Y.1986); *Hutton v. Piepras*, 451 F.Supp. 205 (S.D.N.Y.1978); *Oostdyk v. British Air Tours, Ltd.*, 424 F.Supp. 807 (S.D.N.Y.1976); *Corio v. Stebo, Inc.*, 84

---

**1.** In fact, Plaintiff's Exhibits D and E indicate that these activities took place under the auspices of a group called "Friends of Farm and Wilderness", which appears to be a separate, informal organization made up of current and former campers and camp staff and their families, which has separate membership requirements and activities.

A.D.2d 738, 444 N.Y.S.2d 74 (1st Dep't 1981).

 Many of the cases cited by plaintiff in support of personal jurisdiction are based on the long-arm statute, CPLR 302(a)(1), which is not the provision of the CPLR relied on by plaintiff here. Accordingly, the Court has also considered whether § 302(a)[2] of the CPLR could result in personal jurisdiction and finds it does not. Since no tortious act is alleged to have occurred within the state of New York, § 302(a)(2) is inapplicable; since no tortious act without the state is alleged to have caused injury within the state, § 302(a)(3) does not apply, *Mije Associates v. Halliburton Services*, 552 F.Supp. 418 (S.D.N.Y. 1982);[3] and since the cause of action did not arise out of a transaction of business in the State of New York, § 302(a)(1) does not apply. *Gelfand v. Tanner Motor Tours, Ltd.*, 339 F.2d 317 (2nd Cir.1964).[4]

 Lastly, even if personal jurisdiction were warranted under the facts, the Court finds that the convenience of the parties and witnesses would require a transfer of venue pursuant to 28 U.S.C. § 1404, to the United States District Court in Vermont, the state where the injury occurred, where the facility alleged to have been negligently maintained is located, and which is closer to the residences of potential witnesses than is this Court, including those who reside off-season in the Northern District of New York.

**2.** § 302(a) provides in relevant part that a New York court may exercise personal jurisdiction "[a]s to a cause of action arising from any of the acts enumerated in this section" over a non-domiciliary who:

1. transacts any business within the state, or contracts anywhere to supply goods or services in the state; or
2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

Defendant's motion to dismiss is granted.

IT IS SO ORDERED.

(ii) expects or reasonably should expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce

**3.** Financial consequences felt in the state of New York solely because plaintiff resides there, flowing from injury without the state, do not meet the test under § 302(a)(3). 552 F.Supp. at 420, n. 5, 421.

**4.** Since Joshua Marks was merely revisiting the camp at the time of the accident, the prior business relationship between the parents of the injured child and defendant, as well as their correspondence, is "too remote" to sustain "a conclusion that the injury arose from the instate activity", *Ross v. Colorado Outward Bound School, Inc.*, 603 F.Supp. 306, 309 (W.D.N.Y. 1985). *See also, Diskin v. Starck*, 538 F.Supp. 877 (E.D.N.Y.1982).