■ WILLIAM WATTS, Appellant, v RAFAEL ANDION et al., Respondents.— In a negligence action to recover damages for personal injuries, plaintiff appeals from so much of an order of the Supreme Court, Queens County, dated January 30, 1978, as, upon reargument, adhered to the court's original determination denying his motion for a general preference. Order reversed insofar as appealed from, with $50 costs and disbursements, and, upon reargument, motion for a general preference granted. Where, as here, "the injuries, prima facie established by medical proof, might warrant a recovery in excess of" $10,000, the jurisdictional limitation of the Civil Court of the City of New York, it was an improvident exercise of discretion to deny a general preference (see *Coletto v Keogh,* 44 AD2d 712). Suozzi, J. P., Lazer, Gulotta, Shapiro and Cohalan, JJ., concur.

■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v FRANK FARINA, et al., Respondents.—In a proceeding pursuant to CPLR 7503 (subd [c]) to stay arbitration, petitioner appeals from so much of an order of the Supreme Court, Suffolk County, entered July 27, 1978, as denied its application and dismissed the petition. Order reversed insofar as appealed from, on the law, without costs or disbursements, and petition granted to the extent that arbitration is stayed pending judicial determination of the issue of coverage. The matter is remanded to Special Term for such a determination. In a proceeding by an insurer to stay the insured from proceeding to arbitration under his uninsured motorist clause, a threshold question was raised as to whether the offending vehicle actually was uninsured. At issue was the question of the alleged nonpermissive use of the vehicle at the time of the accident. Special Term dismissed the petition on the ground that the coverage issue was for the arbitrator. Where a threshold question of fact is raised as to whether the offending vehicle was driven with or without the owner's permission, the issue should be adjudicated by the court and not by the arbitrator (see *Matter of Rosenbaum [American Sur. Co. of N. Y.],* 11 NY2d 310, 313-314; *Matter of Aetna Cas. & Sur. Co. [Bruton],* 58 AD2d 551, revd 45 NY2d 871 on the dissenting opn of Mr. Justice Silverman; see, also, *Matter of Lion Ins. Co. [Clutchker],* 58 AD2d 811). Accordingly, the petition to stay arbitration pending determination of this issue was improperly denied and the matter must be remanded to Special Term for said determination. Damiani, J. P., O'Connor, Lazer and Gulotta, JJ., concur.

■ In the Matter of JOSEPHINE CALDERONE, Appellant, v S. THOMAS FERRIGNO, Individually and as Administrator of the Office of Appeals and Reviews for the Division of Personnel of the Board of Education of the City of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court, Kings County, entered June 22, 1978, dismissed as academic, without costs or disbursements. That judgment was superseded by a further judgment of the same court, entered October 13, 1978, which, upon reargument, *inter alia,* adhered to the original determination. Judgment entered October 13, 1978 affirmed, without costs or disbursements. No opinion. Rabin, J. P., Gulotta, Margett and Martuscello, JJ., concur.