■ THEODORE STERNBERG, Appellant, v NEW YORK WATER SERVICE CORPO-RATION, Respondent. — In a class action suit to recover damages for injury to personal property, allegedly caused by improper chemical treatment of the water supplied by defendant, plaintiff appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), entered April 13, 1982, upon an order of the same court, entered February 19, 1982, which granted defendant's motion to dismiss the complaint (plaintiff's notice of appeal is deemed to be a premature notice of appeal from the judgment). Judgment reversed, without costs or disbursements, order vacated and motion denied. On this court's own motion the instant action is stayed pending resolution of the plaintiff's complaint before the Public Service Commission. In our view, this record presents questions of fact which are of the type that should be "considered and passed upon by the trained body established for that very purpose and especially equipped to examine into the intricate facts commonly involved in public utility problems" (*Matter of Carroll Realty Corp. v New York Edison Co.,* 141 Misc 266, 272). Special Term applied the doctrine of primary jurisdiction correctly, however, it should have acted *sua sponte* to stay this action pending a final resolution of the plaintiff's complaint before the Public Service Commission (see 16 NYCRR part 12) because of the possible prejudice to plaintiff from dismissal (see *Guglielmo v Long Is. Light. Co.,* 83 AD2d 481). Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.