■ URBAN COMMUNITY INSURANCE COMPANY, Appellant, v ELLEN SEDLIK et al., Respondents. — Order, Supreme Court, New York County (Ryp, J.), entered October 13, 1982, which, *inter alia,* denied the application for a stay and directed the parties to an arbitration hearing, modified, on the law, the application for a stay of arbitration is granted pending a hearing on the threshold issues and matter remanded for such a hearing, and as modified, affirmed, with costs. Appeal from the order, Supreme Court, New York County (Ryp, J.), entered March 22, 1983, denying reargument, is dismissed as nonappealable, without costs. This proceeding arises from a two-car collision that occurred in Long Beach on August 17, 1981. One vehicle was owned by Richard Sedlik and operated by his wife, Ellen Sedlik. The Sedlik vehicle was insured by Urban Community Insurance Company (Urban). The other vehicle was owned by Myra Perez and operated by Bienvenido Rodriguez. The Perez vehicle was insured by Colonial Penn Insurance Co. (Colonial). The Sedliks demanded arbitration under the uninsured motorist provision in the Urban policy. Colonial denied coverage on the ground that the Perez vehicle was operated by Rodriguez without permission. Upon Urban's application for a stay of arbitration, proof was submitted that suggested Rodriguez was a member of the Perez household. Therefore, Urban contended that Rodriguez

would be covered automatically under the Colonial policy. Alternatively, Urban maintained that the vehicle was operated by Rodriguez with Perez' permission. Special Term denied Urban's application to stay arbitration. However, it added Colonial as a party respondent and directed an arbitration hearing before the American Arbitration Association. Thereupon, Urban moved for resettlement. In actuality, this was a motion for reargument since Urban sought to change the substance of the order. Special Term denied that motion for reargument. The threshold issues of whether (i) Rodriguez was a member of the Perez household and (ii) Rodriguez was given permission to use the vehicle by Perez should have been referred for a hearing at a Trial Part (*Matter of Aetna Cas. & Sur. Co.* [*Bruton*], 45 NY2d 871; *Matter of Allstate Ins. Co.* [*Farina*], 69 AD2d 901). The application for a stay should have been granted pending the resolution of these issues. We note that no appeal lies from the order denying reargument (*Morris v Morris*, 33 AD2d 786). Concur — Murphy, P. J., Kupferman, Sandler, Ross and Alexander, JJ.