■ LARRY ABRAMS et al., Appellants, v XENON INDUSTRIES, INC., Respondent.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about February 5, 1988, which denied plaintiffs-appellants' motion pursuant to CPLR 3213 for summary judgment in lieu of complaint and stayed the action pending adjudication of a related Federal action, unanimously modified, on the law, the facts, and in the exercise of discretion to the extent of vacating the stay, and otherwise affirmed, without costs; and

Appeal from order, Supreme Court, New York County (Beatrice Shainswit, J.), entered April 15, 1988, which denied plaintiffs-appellants' motion to reargue, unanimously dismissed as nonappealable, without costs.

In 1981, defendant Xenon Industries, Inc. (Xenon), a closely held corporation, borrowed money from the nine plaintiffs, who were then shareholders of Xenon, and executed individual promissory notes totaling approximately $400,000. The notes were payable upon a change in ownership or control of the business, or on April 27, 1987, whichever occurred earlier.

In 1984, negotiations for the sale of all of Xenon's capital stock to the AFP Imaging Corporation (AFP) were underway and, as part of the anticipated transaction, plaintiffs executed an agreement with Xenon, dated July 26, 1984, pursuant to which they agreed to "sell, assign, exchange and/or transfer" the Xenon notes for AFP stock and promissory notes which would either be issued by AFP or by Xenon and guaranteed by AFP. In accordance with the agreement, the original notes

were amended to delete the provision that they would become due upon Xenon's sale, and were reissued on August 17, 1984. The amended notes, now payable solely on April 27, 1987, were guaranteed by AFP.

By complaint dated February 13, 1985, AFP commenced a "defendant class action" against within plaintiffs in Federal court, alleging violations of Federal securities law and common-law fraud in the sale of Xenon's capital stock to AFP. Specifically, AFP charged that various material misrepresentations with respect to Xenon's financial condition had been made to induce AFP to acquire Xenon.

Nearly two years later, in August 1987, plaintiffs commenced the instant litigation against Xenon for summary judgment in lieu of complaint, pursuant to CPLR 3213. Plaintiffs' claims are based upon the reissued promissory notes, which became due on April 27, 1987. By this appeal, they challenge Special Term's denial of CPLR 3213 relief.

We are in agreement with Special Term that plaintiffs are not entitled to accelerated judgment. The unresolved question of whether fraud and misrepresentation attended the transaction resulting in the amended and reissued promissory notes raises triable issues of fact which preclude the grant of summary judgment based upon those instruments. (*Millerton Agway Coop. v Briarcliff Farms,* 17 NY2d 57.)

It was error, however, for Special Term to stay the action pending resolution of the Federal matter. Despite the broad language governing the issuance of stays contained in CPLR 2201, " ' "it is only where the decision in one action will determine all the questions in the other action, and the judgment on one trial will dispose of the controversy in both actions that a case for a stay is presented * * * What is required is *complete identity of* parties, causes of action and judgment sought" ' " (*Hope's Windows v Albro Metal Prods. Corp.,* 93 AD2d 711, 712, *appeal dismissed* 59 NY2d 968, quoting *Pierre Assocs. v Citizens Cas. Co.,* 32 AD2d 495, 497). Here, despite the fact that the two actions involve the same alleged fraudulent scheme, AFP, the plaintiff in the Federal action, is not a party in the State action based upon the notes reissued by Xenon, and there is no claim regarding the Xenon notes in the Federal matter. (*Cf., Goodridge v Fernandez,* 121 AD2d 942.)

Accordingly, the order dated February 5, 1988 is modified to the extent of vacating the stay, and otherwise affirmed. Plaintiffs' appeal from the order entered April 15, 1988, which

denied their motion designated as one to "reargue and renew", presents no additional material facts which existed but were unknown at the time of the prior motion *(see, Foley v Roche,* 68 AD2d 558, 568) and is therefore dismissed as a de facto motion to reargue, from which no appeal lies. *(Urban Community Ins. Co. v Sedlik,* 98 AD2d 663, 664.) Concur—Sullivan, J. P., Kassal, Rosenberger and Wallach, JJ.