■ CAROL T. HALLORAN, Appellant-Respondent, v EDWARD J. HALLORAN, Respondent, and ROBERT M. MORGENTHAU, as District Attorney of the County of New York, Nonparty Respondent-Appellant. (Action No. 1.) CAROL T. HALLORAN, Appellant-Respondent, v ROBERT M. MORGENTHAU, as District Attorney of the County of New York, Respondent-Appellant, et al., Respondents. (Action No. 2.)—In a matrimonial action (action No. 1) in which the parties were divorced by a judgment dated May 6, 1988, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), dated January 9, 1989, as, *sua sponte,* stayed enforcement of certain decretal paragraphs of the judgment of divorce, and New York County District Attorney Robert Morgenthau cross-appeals from so much of the same order as denied his motion as an "interested party" to vacate those provisions of the judgment of divorce, and in an action for a judgment declaring that the defendants have no lien on, or equitable right to, the properties awarded the plaintiff by the judgment of divorce (action No. 2), the plaintiff appeals from so much of the same order as denied her cross motion for consolidation of the

two actions and granted the District Attorney's motion for a change of venue of action No. 2 to New York County; and the District Attorney cross-appeals from so much of the same order as denied his motion to dismiss action No. 2 based upon documentary evidence and for failure to state a cause of action.

Ordered that the order is affirmed, without costs or disbursements.

On July 25, 1986, a jury in the Supreme Court, New York County, found Edward Halloran guilty of a fraudulent check kiting scheme. Three months later, on October 31, 1986, that court imposed a fine of $25,000,000 and a sentence of six months' imprisonment. The fine was thereafter reduced to a money judgment against Edward Halloran which was docketed in New York County on November 21, 1986, and purportedly docketed in Westchester County, where the Hallorans resided, sometime in December 1986.

Approximately one year later, a restraining order was allegedly mailed to Carol Halloran, Edward's spouse, on or about December 21, 1987, preventing her from disposing of any property in which Edward had an interest. A similar restraining order was served on Edward on December 23, 1987. The next day, December 24, 1987, Carol Halloran commenced action No. 1 seeking a divorce and equitable distribution in the Supreme Court, Westchester County.

On February 17, 1988, the Supreme Court, New York County, appointed Robert McGuire as a receiver of Edward Halloran's property. However, just two weeks later, on March 1, 1988, the Hallorans entered into a separation agreement which, *inter alia,* transferred certain properties from Edward to Carol. The Supreme Court, Westchester County, awarded a judgment of divorce to Carol Halloran on May 6, 1988, based upon the separation agreement and which incorporated the property transfer provisions of that agreement. Apparently, the court was not aware of the receivership proceedings in New York County when it signed the judgment of divorce.

Shortly thereafter, in June 1988, Carol Halloran commenced action No. 2 in Westchester County against Robert Morgenthau, District Attorney of the County of New York, the People of the State of New York and Robert McGuire seeking a judgment declaring that the defendants had no lien or equitable right to an interest in the properties awarded to her pursuant to the judgment of divorce.

In the divorce action, District Attorney Robert Morgenthau

moved, *inter alia,* to vacate the property transfer portions of the divorce judgment. In the declaratory judgment action, the District Attorney moved to dismiss the action and also to change the venue from Westchester County to New York County. Carol Halloran cross-moved to consolidate both actions in Westchester County.

The Supreme Court, Westchester County, by order dated January 9, 1989, denied the District Attorney's motion to vacate the transfer provisions of the divorce judgment, but the court invoked its inherent power over its own acts and judgments and stayed the transfer provisions of that judgment. This stay was made subject to any determination made in the receivership proceedings regarding the $25,000,000 fine. Regarding the second action, the court denied the District Attorney's motion to dismiss the complaint but granted his motion to transfer the action to New York County. The court denied Carol Halloran's cross motion to consolidate both actions.

Carol Halloran contends that the court improperly issued the stay in the divorce action and should not have made the stay subject to the determination of the receivership proceedings. This contention is without merit. A court, pursuant to CPLR 2201, may, *sua sponte,* grant a stay of proceedings in an action that is pending before it *(see, Sternberg v New York Water Serv. Corp.,* 94 AD2d 723). The term "pending", as used in CPLR 2201, means "captioned", and an action keeps its caption whatever the status of the judgment rendered in it *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2201:9, at 7). Furthermore, the Supreme Court has inherent power to set aside, correct or modify its own orders *(see, Matter of Bancroft,* 195 Misc 208, 209; *see also, Matter of Jericho Union Free School Dist. No. 15 v Board of Assessors,* 131 AD2d 482, 483). As such, when the court was advised of the pending receivership action in New York County, it was statutorily authorized to issue the stay and inherently empowered to modify the divorce judgment.

Concerning action No. 2 for a declaratory judgment, Carol Halloran contends that the court improperly transferred the venue of that action from Westchester County to New York County. However, New York County was the proper place for the trial of action No. 2 since the defendant, the District Attorney of New York County, is a local officer *(see,* CPLR 504; *see, also, Matter of Kelley v McGee,* 57 NY2d 522, 534). Moreover, as a practical matter, it is best that the declaratory judgment action be placed before the same court where the

receivership action is pending so as to avoid the possibility of conflicting decisions by two different courts.

The District Attorney contends that the court erred in denying his motion to dismiss the declaratory judgment action pursuant to CPLR 3211 (a) (1) and (7). This contention is without merit. Carol Halloran has made a sufficient showing to withstand the motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action since her allegations demonstrate the existence of a bona fide justiciable controversy (see, Sysco Corp. v Town of Hempstead, 133 AD2d 751, 752). The District Attorney's documentary evidence does not definitively dispose of Carol Halloran's claim that she has some vested interest in the subject property (see, Greenwood Packing Corp. v Associated Tel. Design, 140 AD2d 303, 305). In particular, there are questions of fact as to whether the New York County money judgment on the $25,000,000 fine was ever docketed in Westchester County and as to whether Carol Halloran ever received any restraining order.

We have reviewed the parties' remaining contentions and find them to be either without merit or academic in light of this court's determination. Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.