■ RWP GROUP, INC., Respondent, v ARLENE RESNICK et al., Defendants, and DONALD SHAFFER et al., Appellants.—In an action, *inter alia,* to recover damages for a breach of warranty, the defendants Donald Shaffer and Shaffer Partners appeal from so much of an order of the Supreme Court, Queens County (Lonschein, J.), entered October 20, 1988, as denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the third cause of action in the amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On November 18, 1985, the plaintiff, RWP Group, Inc. (hereinafter RWP), contracted to purchase certain corporate assets of Donald Shaffer Associates Inc. (hereinafter DS), including its contracts. Both organizations were engaged in the insurance brokerage business.

At the time of the sale, the defendant Arlene Resnick worked for DS as an insurance agent pursuant to an employment contract. The contract contained a restrictive covenant of nonsolicitation. After the sale, Ms. Resnick commenced employment with RWP.

A short time later, RWP terminated Ms. Resnick's employment and she then became employed by Global Benefits Corp. While employed at Global Benefits Corp., Ms. Resnick allegedly violated the nonsolicitation clause in her employment contract with DS Associates and accepted business from customers of DS.

RWP commenced this action against, *inter alia,* Ms. Resnick based on the alleged breach of the nonsolicitation covenant. RWP's cause of action against the defendants-appellants Donald Shaffer, a former shareholder of DS, and Shaffer Partners, the partnership that is the successor in interest to DS, sounds in breach of warranty. RWP alleged that the appellants

breached their warranty contained in the contract of sale to assign Ms. Resnick's employment contract to RWP. RWP asserted that since the appellants never obtained Ms. Resnick's consent to the assignment, RWP's right to enforce the employment agreement against Ms. Resnick has been impaired.

The appellants then moved, *inter alia,* pursuant to CPLR 3211 (a) (1) and (7) to have this breach of warranty cause of action dismissed. They alleged that the contract of sale did not obligate them to assign Ms. Resnick's employment contract to RWP nor to seek her consent to such an assignment. They also alleged that the complaint failed to state a cause of action since it did not show that their alleged breach caused RWP's purported injury.

The Supreme Court refused to dismiss the breach of warranty cause of action, stating that the intent of the parties to the contract of sale could not be summarily determined. We agree and find that the contract of sale is ambiguous as to whether the appellants were obligated to obtain Ms. Resnick's consent to the assignment. Certain provisions of the contract demonstrate the intent of the parties to assign the employment contract to RWP *(see,* § 7 and exhibit 7 of the contract) but the obligation of pursuing the assignment is ambiguously allocated to both the appellants *(see,* §§ 5.1, 2.12 of the contract) and RWP *(see,* §§ 5.2 through 5.2.4 of the contract). Given the ambiguity in the contract of sale, we find that the Supreme Court properly denied the appellants' motion to have the breach of warranty cause of action dismissed, since the documentary evidence did not definitively dispose of RWP's claim *(see, Halloran v Halloran,* 161 AD2d 562).

The appellants also contend that the breach of warranty cause of action should have been dismissed since RWP failed to allege facts sufficient to support its claim that the alleged breach of warranty caused RWP's injury. We find that there exists material questions of fact concerning the causal connection between the appellants' alleged breach of warranty and RWP's injury to preclude a dismissal of this cause of action on this ground. Mangano, P. J., Thompson, Miller and Ritter, JJ., concur.