■ Willis E. Sears, Respondent, v Country Developers, Inc., Appellant. (Action No. 1.) Willis E. Sears, Respondent, v David A. Boucher et al., Appellants. (And a Third-Party Action.) (Action No. 2.)—Yesawich Jr., J. Appeals from two orders of the Supreme Court (Dier, J.), entered February 27, 1991 in Washington County, which, *inter alia,* granted plaintiff's motion in action No. 1 and cross motion in action No. 2 to disqualify the counsel representing defendants in both actions.

In action No. 1, plaintiff, the president and 50% owner of defendant, Country Developers, Inc. (hereinafter Developers), seeks to recover from Developers, which is represented by Pattison, Sampson, Ginsberg & Griffin, P.C. (hereinafter the Pattison firm), $169,000 that plaintiff had loaned to Developers. In action No. 2, plaintiff seeks to recover from defendant David A. Boucher, the owner of the other 50% of Developers, and defendant Beverly Boucher as coguarantors of an unsecured note given by Developers to Norstar Bank and assigned by the bank to plaintiff; at the time of the purported assignment $80,000 plus interest remained due and payable on this note. In this second action, the Pattison firm represents the Bouchers and on their behalf has asserted a third-party claim against Developers, maintaining that Developers is the primary debtor on the note. Pointing to the simultaneous representation by the Pattison firm, plaintiff successfully moved to have the firm disqualified from representing Developers in action No. 1 and the Bouchers in action No. 2. Developers in action No. 1 and the Bouchers in action No. 2 appeal this determination. In addition, the Bouchers appeal from an order denying (1) their subsequent motion for summary judgment seeking, *inter alia,* dismissal of the complaint in action No. 2 on the ground that the note "appears" to have been paid before it was assigned to plaintiff, and (2) their cross motion to stay the action pending resolution of a Federal suit brought by them individually and on behalf of Developers against plaintiff and Developers.

Given the Pattison firm's commencement of a third-party action against its own client, Developers, for a judgment in

favor of its other clients, the Bouchers, and the resulting appearance that the Pattison firm is representing conflicting interests, disqualification was appropriate *(see, Cardinale v Golinello,* 43 NY2d 288, 296). Developers and the Bouchers have not shown that Supreme Court abused its discretion in so ruling *(cf., Aerojet Props. v State of New York,* 138 AD2d 39, 41).

Nor are we persuaded that Supreme Court erred in denying the Bouchers' motion for summary judgment in action No. 2. It is their contention that the note had been paid resulting in extinguishment of the guarantees of that note. Plaintiff swears, however, that "[he] paid the Norstar Bank the amount due on the note with the understanding they would assign this unsecured note to [him] so that [he] could eventually be reimbursed either by the corporation or by [his] co-guarantors or both", and that "[t]he fact that the teller stamped the note paid means only that the bank was paid on the open loan account. The fact of the assignment shows the true intent of the transaction namely, to transfer the note from the bank to [him]." The bank's assignment of the note states, "FOR VALUABLE CONSIDERATION [the bank] hereby assigns, transfers and sets over unto [plaintiff] all of its right, title and interest in and to a certain note". The foregoing establishes the existence of material issues of fact with respect to the note and the assignment; hence, summary judgment is inappropriate.

Supreme Court also properly exercised its discretion in denying the Bouchers' cross motion to stay action No. 2. In contrast to plaintiff's lawsuits to recover on a loan and loan guarantees, the Federal suit brought against plaintiff and several other parties includes claims under RICO, Business Corporation Law §§ 1104 and 1104-a, common-law fraud, breach of lending agreements and waste of corporate assets. While there may be some overlap between the State and Federal actions, there is not "complete identity of parties, causes of action and relief sought" *(Matter of Donner,* 161 AD2d 405, 406). Consequently, a stay would have been injudicious *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2201:7, at 11).

Weiss, J. P., Mikoll, Mercure and Crew III, JJ., concur. Ordered that the orders are affirmed, with costs.