■ In the Matter of AETNA CASUALTY & SURETY COMPANY, Appellant, v GEORGE ARHANIOTIS, Respondent. [609 NYS2d 31] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated February 25, 1992, which (1) denied the petition, (2) denied the appellant the alternative relief of permission to join Guenther A. Noeth and Government Employees Insurance Company as parties, and for a framed issue hearing on whether or not the offending vehicle was operated without the permission of its owner, and (3) directed the parties to proceed to arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is granted to the extent of directing a hearing thereon and granting the petitioner leave to join Government Employees Insurance Company and Guenther A. Noeth as

parties to the proceeding, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

Since a threshold question of fact was raised as to whether the offending vehicle was driven with the owner's permission, and thus, whether the offending vehicle was insured, the court should have directed a hearing on this issue and permitted joinder of the owner of the offending vehicle and his insurance carrier (see, Matter of Allstate Ins. Co. v Farina, 69 AD2d 901; see also, Matter of Eagle Ins. Co. v Tichman, 185 AD2d 884; Matter of Everready Ins. Co. v Roman, 166 AD2d 530). Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.