(June 4, 1996)

■ RWP Group, Inc., Respondent, v Arlene Resnick et al., Defendants, and Donald Shaffer, Individually and as General Partner of Shaffer Associates, Appellant. [644 NYS2d 8] ■

In February 1986, defendant Donald Shaffer Associates, Inc. (Shaffer) sold the assets of its insurance business to plaintiff RWP Group, Inc. (RWP). In March 1987, RWP terminated defendant Arlene Resnick who had been a Shaffer employee and had continued with RWP when plaintiff bought Shaffer. Thereafter, RWP discovered that Resnick was engaged in a competing business, allegedly in violation of a restrictive covenant she had entered with Shaffer. RWP commenced the instant action seeking, *inter alia*, to enforce the restrictive covenant. The Supreme Court denied plaintiff's motion for a preliminary injunction against Resnick, finding that a contract for personal services cannot be assigned by one party without the consent of the other. Thereafter, RWP added Shaffer as a defendant asserting causes of action in fraud and breach of contract, on the ground he had failed to obtain Resnick's consent to the assignment of the restrictive covenant pursuant to the agreement of sale. The Supreme Court granted a prior motion by Shaffer for summary judgment dismissing the fraud cause of action and the Appellate Division, Second Department, affirmed (*RWP Group v Resnick*, 166 AD2d 514). After discovery, defendant Shaffer moved for summary judgment dismissing the breach of contract claim, the third cause of action in the complaint, and the IAS Court denied that motion.

The plaintiff contends that there is an issue of fact as to whether the sale agreement required Shaffer to obtain Resnick's consent to an assignment of the anti-solicitation covenant to plaintiff. However, any alleged duty on the part of defendant to obtain a consent to the assignment of the restrictive covenant with respect to Resnick is academic since Resnick did not continue her employment with the new owner under her Shaffer contract but entered into a completely new employment contract with RWP. Thus, her employment agreement with Shaffer was from year to year, terminable upon thirty days' notice, but, in the agreement reached with RWP, Resnick's employment was terminable at will. Also, with respect to Resnick and other employees of Shaffer, RWP eliminated pensions, changed expense accounts, medical benefits, and insurance. Plaintiff also revamped employees' duties and titles. (Resnick was demoted from "Marketing Manager" to "employee benefits sales manager" and given reduced responsibilities.) RWP entered into new agreements with Resnick and five other named employees who accepted employment with RWP. In each of these, the employee and RWP negotiated the new agreement before the closing of the sale agreement. RWP made clear that it did not assume liabilities and obligations under the prior Shaffer employment contracts. The record demonstrates that RWP determined to employ Resnick (and other employees) on new and different terms, and, therefore, the agreed-upon new employment terms resulted in a new hiring or rehiring (*see, Waldman v Englishtown Sportswear*, 92 AD2d 833, 835), obviating any need for Shaffer to procure an assignment of the old employment agreement, assuming, *arguendo*, that he had an obligation to do so. Thus, when RWP made a new employment agreement with Resnick *before* the closing, any obligation by defendant Shaffer to obtain Resnick's consent to the terms of her old employment contract was rendered moot. Concur—Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.