■ NATIONAL MANAGEMENT CORPORATION, Appellant, v STEVEN M. ADOLFI et al., Respondents. [715 NYS2d 526] —Carpinello, J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered May 11, 1999 in Madison County, which denied plaintiff's motion for summary judgment, granted defendants' cross motion for leave to amend their answer and stayed the action pending resolution of a related Federal action involving the parties.

In January 1991, defendants entered into a franchise arrangement with United Consumers Club Franchising Corporation which authorized them to operate a members only "buying club." Club members were supposedly given the privilege of purchasing merchandise at manufacturers' wholesale prices after payment of an initial membership fee, which could be as high as $1,400. A portion of each membership fee was paid to United as a "royalty." Franchisees, such as defendants, made no profit on the merchandise purchased by club members; rather, they were compensated by retaining their portion of the membership fees. Defendants allege that they were induced to enter into this franchise arrangement by United's representations that it would train them in its marketing system and that such system would result in new member enrollments generating profits to them ranging between $100,000 and $200,000 annually.

By May 1997, defendants were apparently indebted to United in the amount of $55,000 for sums not remitted for merchandise purchased and for royalties due and owing. To memorialize this indebtedness, defendants executed a note and mortgage granting United a second mortgage on their residence. The debt was to be repaid in monthly principal and interest installments of $4,000 by United deducting the payments from moneys it owed defendants arising from three specific sources, which included renewal commissions and new enrollments. These deductions would continue as long as defendants remained as franchisees. In the event they were no longer franchisees, the monthly payments were to be paid in cash. The mortgage was subsequently assigned to plaintiff, a wholly owned subsidiary of United. In August 1997, three months after they executed the mortgage, defendants joined other United franchisees in filing an action in United States District Court for the Northern District of Indiana (hereinafter the Federal action) against United, plaintiff and other related entities and individuals asserting causes of action for fraud and deceptive business practices. In substance, the franchisees claimed that merchandise available through the buyer's club program was not in fact sold at manufacturers' prices as promised and that United's representations regarding the profitability of the franchises were knowingly false.

In May 1998, during the pendency of the Federal action, plaintiff filed the instant foreclosure action for nonpayment of the indebtedness in which it alleged that it had received no payments from defendants since the preceding August. After defendants answered, plaintiff moved for summary judgment. Defendants opposed the motion claiming there was a question of fact as to whether they were in default. In addition, they cross-moved for leave to serve an amended answer and for a stay of the foreclosure action pending resolution of the Federal action. In a well-reasoned decision, Supreme Court found that the issues in the two actions were sufficiently related to justify the exercise of its discretion to stay this action pending the trial of the Federal action, which was then scheduled for January 2000.* Plaintiff appeals.

We turn first to Supreme Court's carefully crafted stay, which was conditioned upon defendants' continued occupancy of the mortgaged premises and a timely trial of the Federal action. We are cognizant of the authority pressed by plaintiff that, in order for a court to exercise its discretion to impose a

---

* The record contains no indication of the present status of the Federal action.

stay in one action pending resolution of a related action under CPLR 2201, there must be a "complete identity" of parties, claims and relief sought in the two actions (*see, e.g., Abrams v Xenon Indus.*, 145 AD2d 362, 363). However, the cases on this point "are not uniform" (4 Weinstein-Korn-Miller, NY Civ Prac ¶ 2201.03) and we are of the view that the causes of action in the instant foreclosure action and the Federal action are sufficiently similar such that the goals of preserving judicial resources and preventing an inequitable result are properly served "by staying the precipitous foreclosure action" during the pendency of the Federal action (*Fourth Fed. Sav. & Loan Assn. v Garber*, 172 AD2d 399; *see also, Goodridge v Fernandez*, 121 AD2d 942, 945). A possible judgment in defendants' favor in the Federal action would at the very least serve as a set off against any amount plaintiff may ultimately establish is due in the foreclosure action (*see, Umansky v Seaboard Indus.*, 45 AD2d 1051, 1052) and a resolution of the Federal action will likely contribute to a resolution of the foreclosure action (*see, Fourth Fed. Sav. & Loan Assn. v Garber, supra*). Accordingly, we cannot say that the court abused its discretion in granting the stay.

We do agree with plaintiff's argument that Supreme Court erred in granting that portion of defendants' cross motion as sought leave to amend their answer to assert two additional affirmative defenses. The Federal action does not constitute a legal bar to the foreclosure action, either under an election of remedies theory (*see, Marine Midland Bank v Lake Huntington Dev. Group*, 185 AD2d 395, 396; *see also*, RPAPL 1301 [1]) or as a prior pending action under CPLR 3211 (a) (4) (*see, White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 93). Since these affirmative defenses lack merit, Supreme Court erred insofar as it granted leave to assert them (*see, e.g., Constellation Bank v Binghamton Plaza*, 237 AD2d 854, 855). Plaintiff's remaining contentions, including its request for a bond pending the stay, have been considered and rejected. Needless to say, the mortgage remains as a lien on defendants' residence until the foreclosure action is resolved.

Cardona, P. J., Crew III, Graffeo and Mugglin, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the cross motion for leave to amend defendants' answer; cross motion denied; and, as so modified, affirmed.