■ GREEN TREE FINANCIAL SERVICING CORPORATION, Appellant, v ANN LEWIS et al., Respondents. [720 NYS2d 843] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Hubsher, J.), dated December 21, 1999, which denied its motion for leave to enter

judgment against the defendants upon their default in appearing or answering the complaint, and granted the cross motion of the defendant Ann Lewis pursuant to CPLR 2201 to stay the action pending the determination of an action brought by her against the plaintiff in the United States District Court, Eastern District of New York, entitled *Lewis v Green Tree Mtge. Serv.*, Civil Action No. CV 97 7579.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the cross motion is denied.

Prior to the commencement of this foreclosure action, the defendant Ann Lewis commenced an action against the plaintiff in the United States District Court, Eastern District of New York, alleging that the plaintiff violated the Fair Debt Collection Practices Act (15 USC § 1692). After the commencement of this foreclosure action, the plaintiff moved for a judgment against the defendants upon their default in appearing or answering the complaint. The defendant Ann Lewis crossmoved pursuant to CPLR 2201 to stay the foreclosure action pending the determination of the Federal action.

To impose a stay in one action pending the resolution of a related action, there must be a complete identity of parties, claims, and reliefs sought in the two actions (*see, National Mgt. Corp. v Adolfi,* 277 AD2d 553; *Guilden v Baldwin Sec. Corp.,* 189 AD2d 716; *Sears v Country Developers,* 178 AD2d 708; *Abrams v Xenon Indus.,* 145 AD2d 362). As there is no such identity of claims or reliefs sought in the two actions (*cf., National Mgt. Corp. v Adolfi, supra*), the Supreme Court improvidently exercised its discretion in granting the stay.

Moreover, since none of the defendants came forward with either a reasonable excuse for the delay in appearing or answering the complaint, or a meritorious defense (*see, Gurreri v Village of Briarcliff Manor,* 249 AD2d 508), the plaintiff was entitled to enter a judgment against them upon their default. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.