Matter of National Fuel Gas Supply Corp. v Gurov (2020 NY Slip Op 00704)





Matter of National Fuel Gas Supply Corp. v Gurov


2020 NY Slip Op 00704


Decided on January 31, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND BANNISTER, JJ.


59 CA 19-01227

[*1]IN THE MATTER OF NATIONAL FUEL GAS SUPPLY CORPORATION, PETITIONER-RESPONDENT,
v
IVAN GUROV, RESPONDENT-APPELLANT, ET AL., RESPONDENTS. (APPEAL NO. 1.) 






LAW OFFICE OF TIMOTHY M. O'MARA, WILLIAMSVILLE (TIMOTHY M. O'MARA OF COUNSEL), FOR RESPONDENT-APPELLANT.
PHILLIPS LYTLE LLP, BUFFALO (CRAIG A. LESLIE OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered December 5, 2018. The order, among other things, granted the petition to acquire an easement. 
It is hereby ORDERED that the case is held, the decision is reserved and the order is stayed in accordance with the following memorandum: In appeal No. 1, respondent Ivan Gurov appeals from an order that, inter alia, granted the petition and authorized petitioner to acquire an easement over his property. In appeal No. 2, respondents Emily R. Oprea and Grace R. Page, as trustees for the Roderick Family Trust, appeal from an order of the same court that, inter alia, granted the petition and authorized petitioner to acquire an easement over their property. The outcome of these appeals hinges on, inter alia, the validity of the State of New York's denial of petitioner's application for a water quality certification (WQC) (see Matter of National Fuel Gas Supply Corp. v Schueckler, 167 AD3d 128, 129-139 [4th Dept 2018]). The validity of that denial, however, is currently unclear and is being actively litigated in multiple proceedings before the Federal Energy Regulatory Commission and the United States Court of Appeals for the Second Circuit. Under these circumstances, and in the interest of judicial economy, we hold these cases and reserve decision pending determination of the validity of the denial of petitioner's application for a WQC (see Buffalo United Charter Sch. v New York State Pub. Empl. Relations Bd., 107 AD3d 1437, 1438 [4th Dept 2013], lv dismissed 22 NY3d 1082 [2014]). Furthermore, in the exercise of our discretion, we stay the orders appealed from pending our ultimate disposition of these appeals (see CPLR 5519 [c]; Sternberg v New York
Water Serv. Corp., 94 AD2d 723, 723 [2d Dept 1983]).
Entered: January 31, 2020
Mark W. Bennett
Clerk of the Court