Wells Fargo Bank, N.A. v Cole-Johnson (2025 NY Slip Op 50415(U))

[*1]

Wells Fargo Bank, N.A. v Cole-Johnson

2025 NY Slip Op 50415(U)

Decided on April 1, 2025

Supreme Court, Dutchess County

Rosa, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 1, 2025
Supreme Court, Dutchess County

Wells Fargo Bank, National Association AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2006-2, ASSET-BACKED CERTIFICATES, SERIES 2006-2, Plaintiff,

against
Joy Cole-Johnson, INDIVIDUALLY AND AS HEIR AND DISTRIBUTEE TO THE ESTATE OF FINEASE RAPHAEL; UNKNOWN HEIRS AND DISTRIBUTEES OF THE ESTATE OF FINEASE RAPHAEL, any and all persons unknown to plaintiff, claiming, or who may claim to have an interest in, or general or specific lien upon the real property described in this action; such unknown persons being herein generally described and intended to be included in the following designation, namely the wife, widow, husband, widower, heirs at law, next of kin, descendants, executors, administrators, devisees, legatees, creditors, trustees, committees, lienors, and assignees of such deceased, any and all persons deriving interest in or lien upon, or title to said real property by, through or under them, or either of them, and their respective wives, widows, husbands, widowers, heirs at law, next of kin, descendants, executors, administrators, devisees, legatees, creditors, trustees, committees, lienors and assigns, all of whom and whose names, except as stated, are unknown to plaintiff; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; UNITED STATES OF AMERICA; ADVANTA NATIONAL BANK; JOHN DOE s/h/a JOHN DOE #1; "JOHN DOE #2" through "JOHN DOE #12," the last eleven names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint, Defendants.

Index No. 2022-53833

Greenberg Traurig, LLP
One Vanderbilt Avenue 
New York, NY 10017
Stephen C. Dachtera, Esq.
101-05 Lefferts Blvd.
Richmond Hill, NY 11419

Maria G. Rosa, J.

The following papers were read and considered on the motion of Defendant Joy Cole-Johnson ("Defendant") seeking to reargue her cross-motion for summary judgment (Motion Sequence # 12) and her opposition to Plaintiff's motion for summary judgment (Motion Sequence #11):
Document: NYSCEF Doc. No(s).:
NOTICE OF MOTION 223
AFFIRMATION IN SUPPORT and EXHIBITS A—C 224—227
MEMORANDUM OF LAW IN OPPOSITION 228
UNDERLYING MOTION PAPERS 171—214
The background of this action has been extensively set out in the Court's prior decisions and will not be reiterated in detail here. In brief, a prior foreclosure action with respect to Defendant's mortgage had been commenced on June 16, 2016, and was dismissed on March 30, 2017 due Plaintiff's failure to appear at a scheduled conference. Plaintiff commenced this action on December 1, 2022 to foreclose on the same mortgage. Plaintiff moved for summary judgment on its foreclosure cause of action on October 31, 2024. In opposition, Defendant cross-moved for summary judgment to dismiss the complaint, arguing that the six-year statute of limitations had expired. 
In support of its motion and in opposition to Defendant's cross-motion, Plaintiff argued that the statute of limitations had been reset on June 9, 2022, when it served a letter voluntarily revoking the acceleration of the mortgage debt as had occurred when the previous action was commenced. Defendant failed to rebut this showing with admissible evidence or binding (or compelling) legal authority. By Decision and Order dated January 7, 2025 (the "Underlying Decision"), the Court thus granted Plaintiff's motion, denied Defendant's motion, and dismissed Defendant's affirmative defenses, including her defense of the expiration of the statute of limitations. 
On February 7, 2025, Defendant filed the instant motion to reargue. Defendant principally argues that the Court misapprehended the law when it relied on the Court of Appeals' decision in Freedom Mortgage Corp. v Engel, which held that a lender may revoke an acceleration for any reason, including "to avoid the expiration of the statute of limitations on the accelerated debt" (37 NY3d 1, 36 [2021]). This decision was presented to the Court in Plaintiff's moving papers and papers in opposition to Defendant's cross-motion as valid and binding precedent, and Defendant failed to adequately address the decision in her cross-moving papers. 
Upon review of Defendant's present motion papers, however, it appears that this critical holding in Freedom Mortgage was expressly overruled by the New York State Legislature by the enactment of the Foreclosure Abuse Prevention Act ("FAPA") on December 30, 2022 (see 97 Lyman Ave., LLC v MTGLQ Inv'rs, L.P., 233 AD3d 1038, 1042 [2d Dept December 24, 2024] [also rejecting the argument that the retroactive application of FAPA is unconstitutional]). Specifically, FAPA added a new subdivision (h) to CPLR 203, which states:
Claim and action upon certain instruments. Once a cause of action upon [a mortgage loan] has accrued, no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law to commence an action and to interpose the claim, unless expressly prescribed by statute.
Moreover, the Appellate Division, Second Department held twice—and well before Plaintiff moved for summary judgment here—that FAPA is retroactively applicable to precisely the same factual circumstances underlying Plaintiff's purported revival of the statute of limitations in this action (see Anglestone Real Estate Venture Partners Corp. v Bank of New York Mellon, 221 AD3d 943 [2d Dept November 29, 2023] ["pursuant to CPLR 203, as amended by FAPA, the unilateral de-acceleration letter [dated February 15, 2017] sent to the borrower . . . failed to revive or reset the statute of limitations"] [emphasis added]; Kandinov v Deutsche Bank Natl. Tr. Co., 227 AD3d 685, 687 [2d Dept May 1, 2024] [same holding regarding a de-acceleration letter dated November 23, 2016]). 
While Plaintiff also argued that FAPA did not control in this action because it was not intended to apply retroactively, the Second Department held that this argument was "without merit" the day before Plaintiff filed its motion for summary judgment, in a case in which the same law firm and counsel of record for Plaintiff appeared(Wells Fargo Bank, N.A. v Edwards, 231 AD3d 1189 [2d Dept 2024] [listing Wells Fargo's counsel as "Greenberg Traurig, LLP, New York, NY (Sarah Lemon . . . of counsel), for respondent"]).[FN1]
Plaintiff reiterated this argument two months later in its opposition to Defendant's cross-motion, and again on February 14, 2025 in opposition to the pending motion. Nowhere did Plaintiff cite or otherwise reference the recent—and obviously binding—Second Department precedents.
That said, the Court is now aware that there are at least three pending motions in the Second Department seeking leave to appeal to the Court of Appeals regarding the retroactive application of FAPA—one of which was filed by Plaintiff's law firm on June 5, 2024 in the Kandinov case (Docket No. 2021-08700, doc. no. 15; see also Anglestone, Docket No. 2021-00800, doc. no. 20; 97 Lyman Ave., Docket No. 2023-06623, doc. no. 16). Additionally, on October 1, 2024, the United States Court of Appeals for the Second Circuit certified a question to the New York State Court of Appeals as to the retroactivity of FAPA and its constitutionality, further indicating that these are novel, important, and unsettled issues of statutory interpretation.[FN2]
[*2]Since any determination as to Defendant's motion to reargue—and whether this action must be dismissed—hinges on whether and how the NYS Court of Appeals decides these issues, the action should be stayed until such a decision is rendered, or leave to appeal is denied and the Second Department's holdings remain binding on this Court. Such a stay, sua sponte, is warranted when the Court becomes aware of related proceedings which may materially affect the conduct of the instant proceedings (CPLR 2201; see Halloran v Halloran, 161 AD2d 562 [2d Dept 1990]).
Finally, Plaintiff's counsel is cautioned going forward to be observant of their obligations to this Court under Rule 3.3(a)(1)-(2) of the Rules of Professional Conduct ("RPC"):
(a) A lawyer shall not knowingly:
(1) make a false statement of . . . law to a tribunal or fail to correct a false statement of . . . law previously made to the tribunal by the lawyer; [or]
(2) fail to disclose to the tribunal controlling legal authority known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel[.]
See also RPC 3.1, concerning "Non-Meritorious Claims and Contentions."
Based on the foregoing, it is hereby
ORDERED that this action is stayed until further order of this Court; and it is further
ORDERED that Plaintiff shall advise the Court of the status of any related proceedings before the Court of Appeals on or before June 13, 2025.
The foregoing constitutes the decision and order of the Court. 
Dated: April 1, 2025
Poughkeepsie, New York
ENTER:
MARIA G. ROSA, J.S.C.

Footnotes

Footnote 1:According to the filing confirmation notice for this appeal in NYSCEF, Docket. No. 2021-07023, notice of the Second Department's decision was given by email on 3:31 p.m. on October 30, 2024, to "Sarah Deanne Lemon," an attorney with Greenberg Traurig. According to the confirmation notice associated with the motion for summary judgment filed in this matter (see Doc. No 171), the motion was filed at 2:22 p.m. on October 31, 2024 by attorney Sarah Deanne Lemon with Greenberg Traurig. Even if the motion was filed ministerially by attorney Lemon's office staff, an attorney of record remains responsible for such actions (see Rule 5.3 of the Rules of Professional Conduct). 

Footnote 2:However, the Court of Appeals "respectfully declined" certification on October 24, 2024, possibly indicating an intention to take up the issues based upon one or more of the state court appeals.